STATE of Iowa, Appellee,

v.

Ronald L. DOWIS, Appellant.

No. 57245.

Supreme Court of Iowa.

Dec. 18, 1974.

James F. Fowler, of Wilson & Goodhue, Indianola, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Jerrold B. Oliver, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

By county attorney's information filed February 4, 1974, defendant was charged with receiving a stolen vehicle in violation of § 321.77, The Code. On the same date, after consulting his court-appointed counsel, defendant pled guilty to the charge. February 19, 1974, he was sentenced to a term not to exceed five years in the men's reformatory. On appeal, defendant challenges the validity of the guilty plea, and the severity of sentence. We reverse and remand.

Defendant asserts trial court did not make a record affirmatively showing his plea of guilty was voluntary and intelligent, trial court failed to comply with State v. Sisco, 169 N.W.2d 542 (Iowa 1969), he was denied due process as a result of the prosecutor's breach of a plea agreement, the sentence imposed was an abuse of the judge's discretion, and he was denied due process as the result of the combination of the above errors. Because we deem the first issue dispositive of this appeal, we need not confront defendant's other contentions. We observe, however, those issues, under the facts before us, do not appear to have substantial merit.

I. Defendant's first assignment is predicated on the failure of the record to affirmatively show he entered his plea knowing he was waiving his constitutional rights of confrontation and the privilege against self-incrimination. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Brainard v. State, 222 N.W.2d 711 (Iowa 1974); State v. Abodeely, 179 N.W.2d 347 (Iowa 1970).

This record discloses trial court only informed defendant his guilty plea would waive his right to jury trial. The colloquy between the judge and the defendant is indistinguishable from that set out with reference to the first charge in *Brainard,* supra at 718.

In *Brainard* we held the trial judge in all future guilty plea situations must by personal colloquy inform defendant of his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers, and determine that he understands he waives these rights by pleading guilty.

The present case antedates *Brainard,* thus allowing us to search the record to find some other indication from which to conclude defendant was aware of, and waived, his privilege against self-incrimination and his right to confrontation. But here it is not shown defendant consulted his attorney about these matters, State v. Abodeely, supra at 350–352, or that he had prior court experience which would give him such knowledge. State v. Bell, 210 N.W.2d 423, 426 (Iowa 1973). Our search is as fruitless as that in *Brainard,* supra, where we said at 719:

"The record shows petitioner was aware of the possible maximum sentence and was informed he would waive his right to jury trial by his plea of guilty. Although this advice was arguably sufficient to make him aware of his right to confront his accusers, the record does not show he was aware of his privilege against self-incrimination. Consequently, we are unable to say he voluntarily and intelligently waived this right in entering his plea of guilty."

Such waiver is constitutionally required. Brainard v. State, supra, at 715–716; State v. Abodeely, supra at 352.

In these circumstances, a statement from State v. Reppert, 215 N.W.2d 302, 307 (Iowa 1974) applies:

"It is to be noted it is not the lack of ritualistic or rigid formula which is the problem here, but rather the lack of any record at all."

The conviction must be set aside. Defendant is entitled to plead anew.

■ II. Our disposition of this case on the above ground makes it unnecessary to consider defendant's claim his sentence was excessive. However, the transcript reveals trial court had before it a pre-sentence investigation report which was not sealed and made a part of the record as required by law. Acts 65 G.A., ch. 295, § 5. This report was never submitted with the record and our inquiries revealed district court service personnel ordered it withheld. This court cannot determine whether a given sentence is an abuse of trial court's discretion unless it has before it the full record relied on below. In all cases the sentencing court should make certain the above statute is followed.

Reversed and remanded.