**STATE of Iowa, Appellee,**

v.

**James Robert DENTLER, Appellant.**

**No. 57205.**

Supreme Court of Iowa.

July 31, 1975.

---

Gary B. Garrison, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., John G. Mullen, Asst. Atty. Gen., and John W. Birdwell, Wayne County Atty., for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, and HARRIS, JJ.

595

UHLENHOPP, Justice.

This appeal involves the sufficiency of the proceedings on a plea of guilty to a felony charge.

The county attorney of Wayne County, Iowa, charged defendant James Robert Dentler with larceny in the nighttime of corn worth more than $20, in violation of § 709.4, Code 1973. Defendant appeared with counsel before the trial court and pleaded guilty. The court conducted a hearing and, except in two respects, made an adequate record under *State v. Sisco,* 169 N.W.2d 542 (Iowa). The court did not, however, expressly inquire whether defendant knew of his rights of confrontation and against self-incrimination and knew that he waived those rights by pleading guilty. See *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Defendant's guilty plea antedated *Brainard v. State,* 222 N.W.2d 711 (Iowa). Hence we are at liberty to search the record to see if it discloses that defendant was aware of those two rights and that he waived them by his plea. *State v. Dowis,* 224 N.W.2d 467 (Iowa).

The State points to a number of factors which the record discloses: defendant conferred with counsel, the court expressly informed him of his right to jury trial and the State's burden of proof, defendant was previously convicted of larceny in the nighttime and of false uttering, he previously pleaded not guilty to a charge of concealing escapees and the prosecutor dropped the charge, and defendant knew the maximum penalty for the present conviction. The State also cites a number of decisions dealing with factors such as these under varying circumstances, and we have examined them.

The difficulty is that while these factors raise the possibility that defendant knew he possessed the constitutional rights in question and that he waived them by his plea, still the possibility also exists that he was not so aware. We are put to weighing one possibility against another, and we cannot state with assurance which possibility is the fact. With this uncertainty in our minds, we cannot sustain the plea.

We therefore set aside the plea and sentence and return the case to district court for new post-arraignment proceedings on the information.

Reversed and remanded.