STATE of Iowa, Appellee,

v.

Bruce Andra GARDNER, Appellant.

No. 62026.

Supreme Court of Iowa.

Jan. 24, 1979.

Douglas V. Coonrad, Hudson, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., David H. Correll, Black Hawk County Atty., for appellee.

ALLBEE, Justice.

Defendant appeals from conviction and sentence upon his plea of guilty to the charge of third degree theft, a violation of § 714.2(3), Code Supp.1977. The principal complaint is that trial court failed to ensure that defendant understood the terms of the plea bargain from which this guilty plea evolved. It is insisted that the court should have asked defendant to express in his own words the terms of the agreement because, defendant argues, it was obvious he was having difficulty understanding those terms. The State first seeks to deny defendant the benefit of appellate review because he did not present his challenge to trial court in a motion in arrest of judgment as mandated by *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977). We therefore begin by considering whether the procedur-

al omission cited by the State raises an obstacle to our review.

I. By trial information it was alleged that on January 9, 1978 defendant committed the offense of third degree theft. In proceedings conducted on March 20, defendant's plea of guilty was accepted. With his consent, defendant was also sentenced that same day. *See* R.Crim.P. 22(1). Several weeks later, in May, defendant informed the district court of his desire to appeal. Counsel was appointed to represent defendant and timely notice of appeal was filed on May 19. *See* § 814.4, Code Supp.1977. All facets of this case are governed by the new Iowa Criminal Code, which took effect on January 1, 1978. Acts 66 G.A. ch. 1245, ch. 4, § 529.

The State's reliance on *State v. Reaves, supra*, 254 N.W.2d 488, in contending that defendant's failure to file a motion in arrest of judgment precludes our review of the plea proceedings, is misplaced. The *Reaves* procedural rule was based upon chapter 788, The Code 1977. But that chapter was repealed at the same time that the new criminal code took effect. Acts 66 G.A. ch. 1245, ch. 4, § 526.

Under the new criminal code, a motion in arrest of judgment must be filed *before* judgment *and* "within six days after finding, plea, or verdict of guilty." R.Crim.P. 23(3)(b). This is a significant departure from the procedure under chapter 788, The Code 1977, in which a motion in arrest of judgment could be made at any time before *or* within ninety days *after* judgment. Section 788.2, The Code 1977. It follows that the procedural rule promulgated in *Reaves*, which requires the presentation of any claim of deficiency in guilty plea proceedings to the trial court by motion in arrest of judgment, does not apply to pleas taken under the new criminal code as it now exists.[1] Thus we proceed to review defendant's contention on its merits.

1. It should be noted that the amendments to the rules of criminal procedure proposed to the legislature in January of 1978, *see* Acts 67 G.A. ch. 1208, would affect cases such as this one. Proposed rule 23(3)(a) will require a defendant to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment in order to assert such challenge on appeal. Rule 23(3)(b), as amended, would provide:

■ II. At the commencement of the plea proceedings, defendant's attorney presented trial court a written "Statement of Defendant re Plea of Guilty and Waiver," and asked that it be made a part of the record. That statement, signed by defendant and his attorney, contained the terms of the plea bargain. Defendant's attorney stated that he had read the statement to defendant. Trial court then inquired of defendant whether he had any questions about the statement. Defendant replied that he did not.

Thereafter, the assistant county attorney, in the presence of defendant and his attorney, related the plea bargain to trial court and recommended that it be followed. After this recitation, trial court asked both defendant and his attorney if the agreement as stated was in accord with their understanding. Each agreed it was. Trial court pursued its inquiry of defendant, who indicated that he did not have a complete understanding of the agreement. The court then restated the entire plea bargain. Defendant and his attorney conferred off the record. This colloquy followed:

> THE COURT: Let the record show that the defendant and his attorney conferred. Do you understand now, Mr. Gardner?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions about it?
>
> THE DEFENDANT: No, I don't, sir.

Defendant also acknowledged that the guilty plea was in his best interests as an exchange for the advantageous terms of the plea agreement. *See North Carolina v. Alford*, 400 U.S. 25, 32–7, 91 S.Ct. 160, 164–7, 27 L.Ed.2d 162, 168–71 (1970); *State v. Buhr*, 243 N.W.2d 546, 550–1 (Iowa 1976).

Trial court's actions in response to defendant's guilty plea were in every respect consistent with the plea bargain. Defend-

ant was sentenced to serve one year in the Black Hawk County Jail with work release privileges. In addition, a deferred judgment which had been granted defendant on March 11, 1977, in an attempted breaking and entering case, was revoked. For this offense defendant was ordered imprisoned in the Men's Reformatory at Anamosa for a term not exceeding five years. *See* § 708.-10, The Code 1977. However, this sentence was suspended and defendant was placed on probation for two years. The sentences were to run concurrently.

We are satisfied that the bargain was sufficiently explained to defendant. He was advised of the terms of the plea bargain by his attorney; the bargain was related to trial court by the assistant county attorney in defendant's presence during the plea proceedings; and trial court, in the course of the proceedings, directly questioned defendant concerning his understanding of the agreement. Contrary to his present posture, defendant then professed an understanding of it. Trial court was not required to demand that defendant recount the terms of the agreement.

AFFIRMED.

All Justices concur except LeGRAND, REES and HARRIS, JJ., who concur specially.

LeGRAND, Justice (concurring specially).

I agree that the judgment of the trial court should be affirmed. But I disagree with division I of the majority opinion which strikes down a significant and useful part of our holding in *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977). I would hold that the defendant, by failing to make the same claim in the trial court, did not preserve the question for review.

The *Reaves* requirement which the majority nullifies provided: "In any appeal . . . an accused challenging the ade-

The motion must be made not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment.

Trial court would be required by proposed rule 8(2)(d) to inform defendant of this procedural requirement.

quacy of his guilty plea proceeding must . . . first present such claim to the trial court in a motion in arrest of judgment under chapter 788, The Code. . . ." *Reaves*, supra, 254 N.W.2d at 493. This is consistent with the fundamental philosophy underlying preservation of error. It is almost universally held that issues not presented in trial court cannot be raised for the first time on appeal. *State v. Lemburg*, 257 N.W.2d 39, 46 (Iowa 1977). This applies as well to constitutional as to other questions. *State v. Washington*, 257 N.W.2d 890, 895 (Iowa 1977).

Strong policy considerations support the rule. Fairness to the trial courts is often mentioned. *See* Rendleman, Appeal Taken Without Objection to Error: Scope of Review in Criminal Appeals and the Judgment on the Record Statute, 22 Drake L.Rev. 477, 483 (1973). However, the requirement is grounded on a much broader and firmer base. Matters pointed out to the trial court often can be easily explained. If error has occurred, the trial court should be given a chance to correct it. If necessary, withdrawal of the plea could be allowed without investing the time and funds required for an appeal.

The advent of the criminal code revision did not wipe out these considerations. Neither does it demand that we abandon the requirement. The real problem arises in the present case because the defendant was sentenced on the same day he entered his plea, a practice which has long been discouraged. The possibility of challenge to the guilty plea is just one more reason trial courts should normally set the trial for sentencing in such a way as to allow the filing of a motion attacking the proceeding.

Our long and difficult experiences in guilty plea proceedings, explained in *Reaves*, supra, are a clear indication that we should hesitate before we so summarily reject and abandon the rule of that case.

The trial court should be affirmed because the defendant did not make this claim to the trial court.

REES and HARRIS, JJ., join in this special concurrence.