Cecil MANLEY, Appellant,

v.

STATE of Iowa, Appellee.

No. 62094.

Supreme Court of Iowa.

April 25, 1979.

Mindy J. Morse, Oskaloosa, and William C. Whitten, Pella, for appellant.

Thomas J. Miller, Atty. Gen., Ann Fitzgibbons, Asst. Atty. Gen., and Edwin F. Kelly, Jr., County Atty., for appellee.

HARRIS, Justice.

We affirm the trial court's denial of post-conviction relief. The petition sought to review the proceedings in which Cecil Manley (Manley) entered guilty pleas to two open charges of murder.

Theresa Marie Skirvin and Alice Mae Zuehlke died of gunshot wounds March 30, 1973. In separate cases, Manley was charged with their murders. On September 24, 1973, he withdrew previous pleas and entered pleas of guilty to open charges of murder in each case. A degree of guilt hearing was held for both cases October 2, 1973. Following that hearing the trial court found Manley was guilty of second-degree murder (in violation of § 690.3, The Code, 1971) for the death of Alice Zuehlke and guilty of first-degree murder (in violation of § 690.2, The Code, 1971) for the death of Theresa Skirvin. On October 9, 1973, following a presentence report, Manley was sentenced to a term not to exceed 60 years for the Zuehlke murder and to life imprisonment for the Skirvin murder. No appeal was taken.

This application for postconviction relief pursuant to chapter 663A, The Code, 1977, was filed on December 4, 1977 and was denied following hearing.

At the postconviction hearing Manley introduced the court files in the two cases in which he had pled guilty and the transcripts of the various hearings which preceded his sentences. The State examined Manley concerning his trial counsel.

In one assignment of error Manley challenges what he believes was the trial court's failure to rule on his application to amend his postconviction petition. But in its ruling, dated May 8, 1978, the trial court directed its judgment to the application "as amended." The ruling responded directly to all of Manley's contentions except the application for leave to amend. It is apparent that the application to amend was granted. We give it no further consideration.

Other contentions involve constitutional questions directed at the guilty plea hearing. Accordingly, ". . . we make our own independent evaluation of the whole record under which the postconviction court's ruling was made. [Authorities.] However, the burden of proof is on petitioner to establish the facts asserted by a preponderance of the evidence. [Authorities.]" *Snyder v. State*, 262 N.W.2d 574, 576 (Iowa 1978).

I. Manley's first and most serious challenge to the guilty plea proceeding is his claim that the trial court failed to inform him of the elements of the various degrees of murder. It is true that these elements, perhaps because there was to be a degree of guilt hearing, were not detailed to Manley on the record.

The trial court went to some pains to explain to Manley the penal consequences of his pleas, clearly established that the pleas were entered voluntarily, and, as we shall see in a subsequent division of this opinion, found there was a factual basis for the pleas. This satisfies the last three of the four requirements of *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969). The only question in Manley's challenge is to the first require-

ment, that is, that he understood the charges. The ingredient of understanding which Manley asserts he lacked was an awareness of the elements of the crime of murder.

In receiving the pleas the trial court did have advantage of Manley's attorney's assurances that the decision by Manley to plead guilty was voluntary, that ". . . it was not hurriedly made, *that it was the result of a long, lengthy explanation of all consequences involved . . ., a reading of the statutes applicable* and after the first indication of this desire [to plead guilty], a waiting period of approximately seven days, at which time I again consulted with Mr. Manley who reaffirmed his desire and who does appear before this Court on this date to again reaffirm that position." [Emphasis added.]

Manley, himself, assured the trial court of his opportunity to fully and completely discuss the facts of the cases with his attorney and said he had fully discussed the charges made against him and his pleas. He expressed complete satisfaction with the representation of his attorney.

Defense counsel then again assured the court he had ". . . fully advised [Manley] of his constitutional rights in these cases [and that he was] willing to defend [Manley] at trial. . . ."

Our review standard is affected by the date of the guilty plea proceeding, September 24, 1973. This was subsequent to the filing of our opinion in *Sisco*, supra, but prior to October 16, 1974, the date of our opinion in *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974). The more stringent requirements of *Brainard* were thus not applicable. *State v. Dowis*, 224 N.W.2d 467, 468 (Iowa 1974).

Also of significance is our holding in *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977). In *Reaves* we undertook, in reviewing guilty plea proceedings, to shift from the requirement of a rigid courtroom colloquy between judge and accused, so as to allow for alternative means of showing actual understanding by the accused. Toward that end we said:

In any appeal taken after the filing of this opinion an accused challenging the adequacy of his guilty plea proceeding must:

A. first present such claim to the trial court in a motion in arrest of judgment under chapter 788, The Code.

B. hereafter claim to have been unaware, as well as not advised, of the claimed omission.

254 N.W.2d at 493.

Without suggesting that we must, we pass the first of the two foregoing requirements. It is perhaps satisfied by presentation of these issues to the trial court in this postconviction proceeding. Cf. *State v. Gardner*, 274 N.W.2d 328, 329 (Iowa 1979). It would seem unfair to apply the first *Reaves* requirement in this case.

But the second *Reaves* requirement, that the accused claim to have been unaware of any omission, does have considerable significance to Manley. Manley never claimed at any stage in the postconviction proceeding, or on this appeal, that he was unaware or not advised of the elements of the various degrees of murder to which he entered his guilty pleas.

Within the post-*Sisco* but pre-*Brainard* time period an actual awareness by the accused of the *Sisco* rights was sufficient. The courtroom colloquy did not then have to include *Sisco* rights of which the accused already knew. *State v. Abodeely*, 179 N.W.2d 347, 352 (Iowa 1970).

■ In *Reaves*, supra, we held that a trial court was justified in relying on defense counsel's assurances to establish that the accused was aware of those things which might be required by our holding in *Sisco*. We note that the assurances by Manley's counsel at the guilty plea proceeding amply qualify under this test.

Thus, Manley is confronted with two obstacles to his *Sisco* challenge. The record shows he was actually aware of his *Sisco* rights. And the record fails to show any claim he was not aware. Either of these two obstacles answers Manley's *Sisco* claim.

■ We hold that from our examination of the whole record herein, especially the assurances of defense counsel, Manley was aware of all his *Sisco* rights. And we hold that Manley's failure to assert he was unaware of the elements of the crime of murder precludes him, under our holding in *Reaves*, supra, from challenging the trial court's failure to recite those elements to him in his guilty plea proceeding.

Manley's challenge to his guilty plea proceeding is without merit.

■ II. Manley separately contends there was no factual basis for his guilty pleas. The contention is wholly without merit. Under *Ryan v. Iowa State Penitentiary, Ft. Madison*, 218 N.W.2d 616, 620 (Iowa 1974) the factual basis may be established at any time prior to entry of judgment. In *State v. Watts*, 225 N.W.2d 143, 145–146 (Iowa 1975) the factual basis was established at the defendant's sentencing hearing.

In the present case the factual basis was clearly established at the degree of guilt hearing. A transcript of that hearing runs 280 pages and includes the testimony of 23 witnesses for the State, three for the defendant, and three rebuttal witnesses for the State. It abundantly establishes a factual basis for defendant's guilty pleas.

■ III. Finally, Manley contends he was denied effective assistance of counsel. The contention is based on two assertions. Manley states he had no opportunity to select his own attorney. And he states he was not informed of lesser included offenses.

The attorney, privately retained and paid by Manley, undertook Manley's representation when called on the night of the arrest. Manley testified he was pleased with the attorney's efforts and declined to withdraw that appraisal even at the postconviction hearing.

Manley has offered no evidence to support either of his contentions concerning his attorney. We reject the contentions because they were not factually established. The standard for effective assistance of

counsel, as described in *State v. Rand*, 268 N.W.2d 642, 648 (Iowa 1978), was met.

AFFIRMED.

All Justices concur except REYNOLD-SON, C. J., and McCORMICK and ALL-BEE, JJ., who concur specially, and McGIVERIN, J., who takes no part.

McCORMICK, Justice (concurring specially).

I. In *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977), this court mandated procedures for preservation of error in subsequent direct appeals from guilty plea convictions. The present appeal arises from a postconviction attack upon a pre-*Reaves* guilty plea. I would hold *Reaves* has no application in this situation, just as it is inapplicable to appeals from guilty plea convictions under the criminal law revision effective January 1, 1978. *See State v. Gardner*, 274 N.W.2d 328 (Iowa 1979). *Reaves* did not prescribe procedures for postconviction attack of pre-*Reaves* guilty plea convictions, and it is neither fair nor reasonable to impose direct appeal requirements retroactively to pre-*Reaves* guilty pleas. We reached the merits of a postconviction attack despite *Reaves* in *Adams v. State*, 269 N.W.2d 442 (Iowa 1978). We should do so here also.

II. I concur in the result in this case because I believe the plea was taken in compliance with the requirements of *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969), and *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

We have never held that a trial court must inform an accused of the elements of the offense to satisfy *Sisco's* first requirement. All we have ever required in *Sisco* and its progeny is that the court advise the defendant of the nature of the charge and demonstrate affirmatively in the record that the defendant understands the nature of the charge in relation to the facts of the case. *See State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974) ("We have consistently held we will not reverse a judgment based on a guilty plea where trial court did not specifi-

cally explain each element of the crime, if under all the circumstances it is apparent the accused party understood the nature of the charge."). Guilty plea convictions have been upset when the trial court has failed in this duty. *See, e. g., Hoskins v. State*, 246 N.W.2d 266 (Iowa 1976); *State v. Buhr*, 243 N.W.2d 546 (Iowa 1976). However, no conviction has been reversed because of the judge's failure to advise the defendant of the elements of the offense.

The record in the present case conforms with the constitutional standard enunciated in *Henderson*. The *Henderson* standard allows the court to examine the totality of circumstances to determine whether the substance of a charge as opposed to its technical elements was conveyed to an accused. This is the standard we have consistently applied.

Nevertheless, the *Henderson* Court held that intent is such a critical element of second-degree murder under the New York statute involved there that the accused's notice of that element had to be shown. The Court said such a showing could be made through the record of the trial judge's explanation or through a representation by defense counsel that the nature of the offense had been explained to the accused. In *Henderson*, the district court found as a fact that no such notice was given. The Supreme Court agreed on that basis that the conviction could not stand. It is reasonable to believe the mens rea elements of a murder charge in Iowa are as critical as the intent element of the murder charge in *Henderson*. Therefore an Iowa record must show that those elements of the charge have been explained to an accused before his conviction upon a plea of guilty can withstand *Sisco* attack. In the present case, the record shows the requisite notice of the nature of the offense was given to the accused through advice of counsel. Thus the *Henderson* standard is satisfied.

I agree with the court that the remaining three *Sisco* requirements were also met.

REYNOLDSON, C. J., and ALLBEE, J., join in this special concurrence.