# IN THE COURT OF APPEALS OF IOWA

No. 13-1026
Filed January 27, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JAMES D. AHERNS,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson (guilty plea) and Richard H. Davidson (sentence), Judges.

      James Aherns appeals after pleading guilty to possession of a controlled substance with intent to deliver and forgery.  **AFFIRMED.**

      Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

      Considered by Danilson, C.J., McDonald, J., and Blane, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

James Aherns appeals after pleading guilty to possession of a controlled substance with intent to deliver and forgery. *See* Iowa Code §§ 124.401(1)(c)(6), 715A.2(2)(b) (2011). He contends his pleas were not voluntarily, knowingly, and intelligently entered because the trial court failed to ensure he was informed of and understood the nature of the charges he was facing and his right to confront and cross-examine witnesses against him. Because the trial court substantially complied with these requirements as set forth in Iowa Rule of Criminal Procedure 2.8(2)(b), we affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS.

In 2012, Aherns was facing criminal charges for possession of a controlled substance with intent to deliver, failure to affix a tax stamp, forgery as a class "D" felony, and possession of a controlled substance. After arriving at a plea agreement with the State, Aherns pled guilty to possession of a controlled substance with intent to deliver and a lesser-included charge of forgery as an aggravated misdemeanor. In return, the State dismissed the remaining charges.

The trial court accepted Aherns's guilty pleas and sentenced him to no more than ten years in prison on the possession-with-intent-to-deliver charge and two years on the forgery charge. The court ordered the sentences to run concurrently. Aherns then filed a timely notice of appeal.[1]

---

[1] Ahrens did not file a motion in arrest of judgment challenging the voluntariness of his guilty plea. This usually precludes a defendant's right to challenge any defects in the plea proceedings on appeal. However, the district court's failure after accepting the plea to inform Ahrens of the necessity of filing such a motion challenging his plea reinstates his right to raise the issue directly on appeal. *See State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994).

## II.    SCOPE OF REVIEW.

"When we consider a challenge to a guilty plea proceeding involving constitutional safeguards, we make an independent evaluation of the circumstances as shown by the entire record, which we review de novo." *Oldham*, 515 N.W.2d at 46.

## III.    KNOWING AND VOLUNTARY ENTRY OF GUILTY PLEA.

A guilty plea is only valid if a defendant enters it voluntarily, knowingly, and intelligently.  *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005).  A knowing and voluntary guilty plea is one entered with a full understanding of the consequences.  *State v. Boone*, 298 N.W.2d 335, 337 (Iowa 1980).  Iowa Rule of Criminal Procedure 2.8(2)(b) details what the trial court must do to ensure a plea is knowing and voluntary, and compliance ordinarily satisfies due process requirements.  *State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985).  Aherns argues the trial court failed to conform to two of the rule's requirements by failing to inform him of "[t]he nature of the charge to which the plea is offered" and "the right to confront and cross-examine witnesses against [him]."  Iowa R. Crim. P. 2.8(2)(b)(1), (4).  Substantial—not strict—compliance with rule 2.8(2)(b) is all that is required.  *State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001).

### A.  Nature of the charges.

When informing a defendant of the nature of the charges, the court is not required to review and explain each element of the crime.  *State v. Null*, 836 N.W.2d 41, 49 (Iowa 2013).  The extent of the court's explanation varies with the circumstances of each case.  *State v. Dryer*, 342 N.W.2d 881, 884 (Iowa 1983).  We consider the complexity of the charge as well as the defendant's education

and experience. *State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981). "In addition, the name given the offense may be sufficiently descriptive of its nature to obviate further explanation." *Id.*; *see also State v. Watts*, 225 N.W.2d 143, 145 (Iowa 1975). The question is whether the record as a whole shows the defendant understood the elements of the crime and the nature of the charge. *Philo*, 697 N.W.2d at 488.

It is apparent from viewing the record as a whole that Aherns understood the nature of the charges. When asked what he did to get charged with possession with intent to deliver, Aherns replied, "I had the meth in my pocket," and admitted he possessed eight grams. He also admitted items associated with the drug trade were found in his residence, including baggies, scales, and a "significant amount" of currency. The court explained the State was alleging that those items and the amount of methamphetamine he possessed meant Aherns "must have been intending to sell or distribute that to someone else," which Aherns acknowledged he understood. The court then asked Aherns, "Do you think that if this matter were to go to trial and the witnesses were to testify as they've indicated in their minutes of testimony . . . a jury could be convinced that that was your intention?" Aherns answered, "Yes." The court substantially complied with the requirements of rule 2.8(2)(b)(1) with regard to the possession-with-intent-to-deliver charge.

With regard to the forgery charge, Aherns alleges the colloquy was insufficient because there was no discussion of his intent to defraud or injure. *See* Iowa Code § 715A.2(1) (defining the crime of forgery as the commission of certain acts "with intent to defraud or injure anyone, or with knowledge that the

person is facilitating a fraud or injury to be perpetrated by anyone"). However, the record shows Aherns understood the nature of the forgery charge. When the court asked Aherns what he did to get charged with the crime, he replied, "I had money in the house." His attorney corrected him by saying, "Fake money is what you mean." When the court asked Aherns if that is what he meant, he answered affirmatively. Although the element of "intent to defraud or injure" was not discussed specifically, the word "fake" means "a thing that is not genuine; *a forgery* or sham." *Fake*, Oxford Dictionaries, http://www.oxforddictionaries.com/us/definition/american_english/fake (last visited Jan. 13, 2016). Our supreme court has held the name of the offense of "uttering a forged instrument" is "descriptive of the nature thereof" such that it would be "inconceivable" the defendant was without complete understanding of the nature of the charge to which he was pleading guilty. *State v. Sargent*, 210 N.W.2d 656, 660 (Iowa 1973); *see also Hoskins v. State*, 246 N.W.2d 266, 268 (Iowa 1976) ("In *Sargent*, the word 'forged' in the name of the offense, communicated to the defendant, connoted an intent to defraud."). We also note this was not the first time Aherns had been charged with forgery for counterfeiting currency; he was arrested and charged with forgery in 2004 after being found in possession of $2350 in counterfeit money. Finally, the minutes of evidence state that, in addition to several sheets of paper with printed bills, officers located "several counterfeit bills that were cut and ready to pass as real money." *See State v. Overbreckling*, 235 N.W.2d 121, 122 (Iowa 1975) (noting that although the minutes of evidence are usually relied upon to establish a factual basis for a guilty plea,

it may also serve to set out the elements of the crime when it describes "in simple and easy-to-understand terms how the crime was committed"). Substantial compliance with rule 2.8(2)(b)(1) was met with regard to the forgery charge.

**B. Right to confront and cross-examine witnesses.**

Aherns also argues the trial court failed to adequately inform him of his right to confront and cross-examine witnesses against him. The knowing and voluntary waiver of this right is constitutionally required. *State v. Dowis*, 224 N.W.2d 467, 469 (Iowa 1974). If the record does not provide an indication the defendant was aware of and waived the right to confrontation, the conviction must be set aside. *Id.* at 468-69.

Here, the trial court informed Aherns of the rights he would be afforded if he insisted on going to trial rather than pleading guilty and asked if Aherns understood each. The court told Aherns that if he went to trial, he "could cross-examine the State's witnesses," which Aherns indicated he understood. Although this statement does not recite the rule 2.8(2)(b)(4) requirement that a defendant be informed of "the right to confront and cross-examine witnesses" verbatim, it substantially complies with the rule. *See State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002) ("Under the substantial-compliance standard, a trial court is not required to advise a defendant of his rights using the precise language of the rule; it is sufficient that the defendant be informed of his rights in such a way that he is made aware of them.").

Because the trial court sufficiently informed Aherns of his rights and the effect of pleading guilty, we affirm Aherns's convictions for possession with intent to deliver and forgery.

**AFFIRMED.**