# IN THE COURT OF APPEALS OF IOWA

No. 16-1850
Filed July 19, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DENNIS McKINNEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Thomas L. Koehler (plea), Ian K. Thornhill (motion to set aside plea), and Lars G. Anderson (sentencing), Judges.

Dennis McKinney appeals from the judgement and sentence entered following his plea of guilty to extortion. **CONVICTION VACATED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Dennis McKinney appeals from the judgement and sentence entered following his plea of guilty to extortion, a class "D" felony, in violation of Iowa Code section 711.4 (2016). We vacate the conviction and sentence, and remand for further proceedings on the ground that McKinney's plea was not voluntarily and knowingly entered.

On May 26, 2016, Dennis McKinney entered a guilty plea to the offense of extortion, acknowledging that on March 9, 2016, he threatened to inflict serious injury on a person with the intent to obtain money and did not reasonably believe he had a right to make the threats against the person. McKinney agreed the minutes of evidence were accurate. Pursuant to a plea agreement, the State agreed to dismiss a charge of second-degree robbery[1] and allow McKinney to be released pending sentencing; however, the release was subject to the condition that if McKinney had any pretrial release violations, arrests for other offenses, or confirmed reports of harassment of the victim or family members pending sentencing, the State would be free to request any legal sentence that might be imposed. The court found a factual basis existed for the plea and the plea was voluntarily and intelligently entered. The court ordered a presentence investigation (PSI) and set sentencing for July 26, 2016. The court also informed McKinney,

> [I]f you intend to contest or challenge the proceedings which just occurred here this morning, you would have to do so by what we call a motion in arrest of judgment.

---

[1] The sentence for robbery, a class "C" forcible felony, is ten years in prison with a seven-year minimum.

A motion in arrest of judgment must be filed within [forty-five] days of this date and no less than five days prior to sentencing. Therefore, you would have to comply with those time limitations to be successful with reference.

McKinney moved to continue sentencing, which the court granted and rescheduled for September 13, 2016.[2]

On August 15, a warrant was issued for McKinney's arrest for violating the terms of his release. On August 27, McKinney was in custody and his release was revoked.

On September 6, McKinney filed a motion for arrest of judgment, asserting he "took advantage of a plea offer," that "upon reconsideration . . . he now reasserts his innocence," and he "believes his guilty plea was not voluntarily or intelligently entered." The State resisted the motion as untimely and without merit. After an October 3 hearing, the district court denied the motion, writing in part:

> [McKinney] alleges no defects in the plea hearing, has presented no evidence that his plea of guilty was involuntary, and does not allege the State violated the terms of the plea agreement. [McKinney] appears to have simply changed his mind after receiving at least part of the benefit for which he bargained, that is, being released from custody once he had entered his guilty plea. [McKinney's] motion in arrest of judgment is untimely[3] and meritless and should be denied on both grounds. The court also declines to use its discretion to otherwise allow [McKinney] to withdraw his guilty plea.

---

[2] The sentencing date was again moved to September 26 due to flooding concerns, and again to October 3. On October 3, the district court considered McKinney's motion in arrest of judgment.

[3] *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) ("[W]e find if the date of sentencing is set for more than fifty days after the plea, the maximum time a defendant has to file the motion in arrest of judgment is forty-five days from the plea.").

After the sentencing hearing on October 11, the district court imposed a five-year term of imprisonment, a $750 fine, and statutory surcharges, but suspended payment.

McKinney now appeals, asserting his plea was not knowingly and voluntarily entered—because the court did not advise him of the applicable thirty-five-percent surcharge[4] or that a plea had potential immigration consequences, both as required by Iowa Rule of Criminal Procedure 2.8(2)(b). He also asserts the sentencing court erred in considering unproven offenses.

The State concedes the district court failed to advise McKinney of the applicable thirty-five-percent surcharge and that a plea may have an impact on his immigration status but notes McKinney cannot directly challenge the alleged shortcomings in his plea because his motion in arrest of judgment did not challenge the plea on either ground.[5] We disagree. Although McKinney filed a motion in arrest of judgment, the motion did not raise the issues he now raises on appeal. If he had been properly informed that any challenges to any defects in the guilty plea proceeding would be forfeited on appeal unless included in his motion, we would have no hesitation to conclude his claimed error was not preserved.

The exception to the error-preservation rule pertaining to a defendant who is not properly informed of his or her right to file a motion in arrest of judgment is

---

[4] *See State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016) (holding the court must inform the defendant of applicable surcharges).

[5] In his reply brief, McKinney argues he was not adequately advised by the district court that failure to challenge any defects in his plea by a motion in arrest of judgment would forever forfeit those challenges on appeal. But, in fact, he filed a motion in arrest of judgment and although it was determined to be untimely, the court also determined it was meritless.

premised upon fairness. *See State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980) (citing *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) (finding where a defendant had no opportunity to preserve error, it was not fair to hold error was waived); *Manley v. State*, 278 N.W.2d 1, 3 (Iowa 1979) (allowing appeal on fairness basis despite failure to comply with judicially-imposed requirement of a motion in arrest of judgment)). We conclude the exception to the error-preservation rule should apply equally to McKinney as a matter of fairness.

Here, McKinney claims his plea was involuntarily and unknowingly entered because he was not apprised of the maximum penalty (the maximum fine plus the thirty-five-percent surcharge). We conclude our decision in *State v. Diallo*, No. 16-0279, 2017 WL 1735628, at *3 (Iowa Ct. App. May 3, 2017), is persuasive authority to support the conclusion McKinney's plea was not voluntarily and knowingly entered. Accordingly, we vacate McKinney's conviction, and the case is remanded for further proceedings consistent with this opinion. In light of McKinney's plea being vacated, we need not address his second issue.

**CONVICTION VACATED AND REMANDED.**