## ASH *v.* STATE

[No. 229, September Term, 1964.]

*Decided April 7, 1965.*

The cause was argued before HAMMOND, HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Nelson R. Kandel* for appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Morton A. Sacks, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

On September 30, 1963, Boysie E. Ash, Jr. was tried in the Criminal Court of Baltimore before Judge Grady, without a jury, under an indictment charging robbery, assault with intent to rob, assault, larceny and receiving. He was represented by counsel appointed for him as an indigent defendant. The judge returned a verdict of not guilty in regard to the receiving count and then recessed the trial to allow substantiation of the alibi testimony of a defense witness. The trial was resumed on October 24, 1963, at which time Judge Grady returned a verdict of guilty generally and imposed a sentence of not more than 6 years in the Maryland Institution for Men, to run from the date of arrest.

On October 27, 1963, Judge Grady "struck out" the sentence to allow the filing of a motion for a new trial. (We held in a recent case that such action had the effect of suspending the execution of the sentence. *Brown v. State,* 237 Md. 492, 207 A. 2d 103 (1965)). The motion was filed on the same day. On November 6, 1963, an order was signed transferring the de-

fendant from the Maryland Institution for Men to the Baltimore City Jail pending the disposition of the motion. Since under the rules of the Supreme Bench of Baltimore City (which hears all motions for new trials arising from its criminal courts), a copy of the transcript of testimony taken in the Criminal Court must be filed with the Supreme Bench before it will hear the motion, and a free copy of the transcript must be furnished to an indigent defendant if he requests it in seeking a new trial, *Johnson v. State,* 219 Md. 481, 150 A. 2d 446 (1959), the defendant ordered the preparation of the transcript in his case. However, the court stenographer was delayed (presumably by the press of other work) in transcribing his notes. The defendant testified that he wrote to Judge Grady in an attempt to hasten the transcription but was informed that he should contact the clerk of the Criminal Court. We found no such correspondence in the record. However, the State conceded that the appellant, his mother and his counsel made approximately ten attempts to obtain the transcript, without success. On March 31, 1964, Ash filed a motion to dismiss the indictment, alleging that the delay in the preparation of the transcript denied him his constitutional right to a speedy trial. When no action was taken on his motion to dismiss, he filed a petition for a writ of habeas corpus in the Baltimore City Court.

On April 9, 1964, most of the transcript was filed with the clerk of the Supreme Bench and on April 21 the remaining portion was filed. On the latter date the petition for the writ of habeas corpus came on for hearing before Judge Jones. The appellant based his petition on the contention that the delay in the preparation of the transcript which prevented the hearing on his motion for a new trial denied him his right to a speedy trial. Since at the time of the habeas corpus proceeding the transcript had been delivered to the Supreme Bench, Judge Jones denied his petition. On May 27, 1964, the Supreme Bench heard the appellant's motion to dismiss and motion for a new trial and denied both. Finally, on June 17, 1964, Judge Grady reinstated the sentence that he had previously imposed. This is an appeal from the June 17 judgment and sentence.

The appellant raises only one question: whether the fact that seven months elapsed from the filing of his motion for a new

trial to the time it was heard amounted to a denial of his constitutional right to a speedy trial. Art. 21, Maryland Declaration of Rights.

Although there is no question but that the appellant was entitled to a speedy trial, we hold that this right has no application to a hearing on a motion for a new trial. We think the language used by the drafters of Art. 21 clearly imports guarantees applicable to the processes leading to and ending with the criminal trial itself, and we do not believe that either the motion for a new trial or the hearing thereon constitutes a "trial" or any constituent part thereof within the meaning of Art. 21.

While it does not appear that this Court has been presented with this exact question before, our decision in *Plump v. Warden,* 220 Md. 662, 153 A. 2d 269 (1959), is somewhat analogous. In that case an applicant for leave to appeal from an adverse post conviction determination contended, *inter alia,* that he was denied due process of law because he was not present at his post conviction hearing. In holding that his absence from the hearing did not infringe any of his constitutional rights, we stated (at p. 664 of 220 Md.) : "In general, due process of law does not require the presence of the accused during proceedings subsequent to his trial that determined his guilt, unless a new trial is granted." We noted also that there is no requirement or right that an accused be present during proceedings in an appellate court and that the weight of authority does not require his presence at the hearing on a motion for new trial.

The majority of jurisdictions hold that a defendant's presence at a hearing on a motion for new trial is not required because it is not part of the trial. See cases collected in Annotation in 69 A.L.R. 2d 835 (1960). The case of *Joseph v. State,* 141 N. E. 2d 109 (Ind. 1957), cert. dism. 359 U. S. 117 (1959), which is the subject of the annotation just cited, is representative of the cases following this rationale. The Indiana Supreme Court in rejecting Joseph's contention in regard to his absence from the hearing on the motion for new trial stated (at p. 114) "The ruling on a motion for a new trial in a criminal case is not part of the trial of the accused as contemplated by the statutory and constitutional provisions of this State." See also *Barber v. United States,* 142 F. 2d 805 (4 Cir. 1944), cert. den. 322 U. S.

741 (1944) ; *Bradford v. State*, 202 S. W. 2d 647, 648 (Tenn. 1947) ; and see *Orfield, Criminal Procedure from Arrest to Appeal*, 494, 498. As Orfield points out, *op. cit.*, p. 505, the Federal Rules of Criminal Procedure do not require the presence of the defendant at the hearing of a motion for a new trial.

The appellant contends that a "judgment" is not final in a criminal case in Maryland until three days after verdict or until the disposition of the motion for a new trial, if one is filed within the three day period, and that therefore the disposition of the motion must be part of the trial. We do not agree. The weight of authority is that a criminal "trial" ends when the guilt or innocence of the accused is determined, *i.e.*, when the verdict is returned, not when the judgment or sentence is pronounced. See 69 A.L.R. 2d, *supra*, at p. 837. Therefore, the fact that a judgment may not become final until the disposition of the motion for a new trial does not support the contention that the hearing on the motion is part of the trial. In the case of *People v. Stokes*, 89 Pac. 997 (D. C. of App. Calif. 1907), the appellant claimed that since 35 days had elapsed between verdict and judgment he was denied his constitutional right to a speedy trial. In rejecting this contention the court stated (at p. 1000) :

> "A trial is 'the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue.' * * * Pronouncing judgment, which is the formal declaration of sentence, is not the trial, nor any part thereof within the meaning of section 13, art. 1 of the Constitution [requiring speedy trials] * * * The trial ended with the announcement of the verdict of the jury, whereby it declared the result of its deliberations upon issues of fact which had been submitted to it for its decision."

We agree with the California court, and, in any event, the facts and circumstances of this case disclose no undue or unnecessary delay in processing the appellant's motion for a new trial.

*Judgment affirmed.*