STATE of Iowa, Appellee,

v.

Allen FINDLEY, Appellant.

No. 58106.

Supreme Court of Iowa.

March 17, 1976.

Harold G. DeKay, Atlantic, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Coral F. Greenfield, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

MASON, Justice.

November 8, 1974, a county attorney's information was filed in the Guthrie County district court charging Allen Findley with the crime of breaking and entering a sporting goods store at Yale, Iowa, with the intent to commit a public offense, to wit: larceny in violation of section 708.8, The Code, 1973.

Counsel of defendant's choice was appointed. November 20 at arraignment defendant, accompanied by his counsel, tendered a plea of guilty to the crime charged. The court accepted defendant's plea and ordered a presentence investigation. December 9 the court imposed the sentence and judgment from which defendant takes this appeal challenging the validity of his guilty plea.

The minutes of testimony attached to the information indicate the night of October 7, 1974, Dick's Sporting Goods store of Yale was burglarized. The owner of the business discovered the crime the next morning and found missing a Browning .22 Automatic Pistol, ammunition for the gun and various amounts of money.

October 9 the sheriff's office of Lake of the Woods County, Minnesota, notified the Guthrie County Sheriff defendant Findley and companion Patrick McGinnis had been arrested. The previous day a United States Customs Officer had stopped defendant's car in Baudette, Minnesota. Upon noticing a marijuana seed, the officer discovered a .22 caliber pistol and ammunition. Findley and McGinnis were transferred to the Baudette city police and then to the Lake of the Woods county sheriff.

Guthrie County Deputy Sheriff, T. A. Davis, and Raymond Rogers traveled to Minnesota where defendant submitted a written statement admitting he and McGinnis had broken into the sporting goods store and had stolen money and the pistol. In defendant's presence, McGinnis informed Davis where the pry bar used to gain entrance to the store could be found. Davis later compared the marks on the shop door to this pry bar and found they matched.

■ I. Since a plea of guilty, if voluntarily and intelligently made, eliminates all questions as to admissibility of any evidence the state might have offered against the accused, relieves the prosecution of the burden of proving any facts, waives all defenses except that the indictment or information charges no offense and, of course, the right to challenge the plea itself, it is a submission of the issue of guilt without contest. *State v. Delano,* 161 N.W.2d 66, 72–73 (Iowa 1968); *State v. Kobrock,* 213 N.W.2d 481, 482–483 (Iowa 1974); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 25 L.Ed.2d 235.

■ It is for this reason that before accepting a plea of guilty the court must address defendant personally and determine whether he understands the charge made, is aware of the penal consequences of the plea and that it is voluntarily entered. The court must also make such inquiry as will satisfy him that there is a factual basis for the plea. *State v. Sisco,* 169 N.W.2d 542, 549 (Iowa 1969) and *Ryan v. Iowa State Penitentiary, Ft. Madison,* 218 N.W.2d 616, 618–620 (Iowa 1974).

■ Several federal constitutional rights are waived when a plea of guilty is tendered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by Amendment 5, made applicable to the states by reason of Amendment 14. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury guaranteed by Amendment 6. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers

protected by Amendment 6. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274. See also *State v. Kobrock,* 213 N.W.2d at 483.

■ Since October 16, 1974, the date the opinion in *Brainard v. State,* 222 N.W.2d 711 (1974) was filed, it has been the rule in this jurisdiction that the judge must by personal colloquy inform the defendant of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers and determine that he understands he waives these rights by pleading guilty. 222 N.W.2d at 717–718. See also rule 11(c)(3) Fed.R.Crim.P.

However, this court in *State v. Sisco,* 169 N.W.2d 542, decided approximately five years before the date defendant's plea was accepted in the present matter, had expressed strong support for the principle that a defendant who enters a plea of guilty simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers by approving pronouncements made in both *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. We also recognized for this waiver to be valid under the Due Process Clause it must be "an intentional relinquishment or abandonment of a known right or privilege." A similar statement of principle was expressed in *State v. Reppert,* 215 N.W.2d 302, 304 (Iowa 1974).

Defendant's challenge arises from the trial court's colloquy with defendant at the time his guilty plea was tendered and is predicated on the failure of the trial court to inquire of defendant personally whether he knew by entering his plea of guilty he waived his privilege against self-incrimination guaranteed by the federal constitution.

In written brief and argument defendant maintains the trial court failed to comply with the check list set out in *Brainard v. State,* 222 N.W.2d at 721–723. In support of this contention he incorporates a rather lengthy quotation of the outline of areas suggested in *Brainard* as appropriate for inquiry in guilty plea proceedings.

Although defendant's counsel does not specify the areas the trial court failed to pursue, he does include the recommendation set out in *Brainard* that the court, before accepting a guilty plea, explain and ask defendant if he understands that if he pleads not guilty he has a privilege against self-incrimination and he would not be required to testify at trial.

■ One of the purposes of the requirement that the court must address defendant personally and inform him of, and determine that he understands he has the constitutional rights to trial by jury, to confront his accusers and not to be compelled to incriminate himself is to assure that defendant's plea of guilty is "a voluntary and intelligent act done with actual knowledge of the existence and meaning of the constitutional rights involved and with full understanding of the nature of the charge made against him and the direct consequences of the plea." *State v. Reppert,* 215 N.W.2d at 304.

■ This court has been furnished with a copy of the reporter's transcript of the proceedings had both at the plea and sentencing stages. This discloses that at the plea stage the trial court advised defendant of the possible maximum and minimum penalties that might be imposed upon his conviction. The court then advised Findley that he was "entitled to a jury trial and this is one of the rights you can insist on. You are entitled to have all the witnesses the State is going to use called to appear in court before you so that you can cross-examine them. You are entitled to have any witnesses called at State expense, if necessary, to testify for you."

Later, the trial court made inquiry of Findley whether there had been any plea

bargaining. He received a negative reply. At the sentencing stage Findley was accorded the right of allocution. However, at no point in the proceedings did the trial court by personal colloquy inform defendant of his privilege against self-incrimination guaranteed by Amendment 5. Consequently, we are unable to say he voluntarily and intelligently waived this right in entering his plea of guilty. See *State v. Dowis*, 224 N.W.2d 467, 469 (Iowa 1974).

The conviction must be set aside. Defendant is entitled to plead anew.

Findley was represented at all proceedings in the trial court by counsel who represents him on this appeal. This statement from *State v. Williams*, 224 N.W.2d 17, 19 (Iowa 1974), is relevant:

"The prosecutor and defense counsel are not mute participants in guilty plea proceedings. As an officer of the court and representative of the public, the prosecutor has a responsibility to ensure, insofar as he is capable, that the proceedings are legally adequate. As an officer of the court and representative of the defendant, the defense lawyer has a responsibility to ensure that the record shows the plea of his client is intelligent, voluntary, and accurate."

The case is

Reversed and remanded.