STATE of Iowa, Appellee,

v.

**Alphonse H. BOGE, Jr., Appellant.**

No. 2–59431.

Supreme Court of Iowa.

April 20, 1977.

Reynolds, Kenline, Breitbach, McCarthy, Clemens & McKay, Dubuque, for appellant.

Richard C. Turner, Atty. Gen., Des Moines, and Robert J. Curnan, County Atty., Dubuque, for appellee.

Submitted to MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

REES, Justice.

This is an appeal from an order dismissing defendant's amended petition for post-conviction relief.

On December 10, 1973 the petitioner, Alphonse H. Boge, Jr., entered a plea of guilty to an information charging him with the crime of assault with intent to commit a felony. .Direct appeal was taken from the judgment of conviction and sentence imposed upon his plea of guilty, and this court dismissed his appeal pursuant to Court Rule 16.

On July 9, 1974 Boge filed an application for postconviction relief pursuant to chapter 663A, The Code, urging that his guilty plea should not have been accepted because he was intoxicated at the time of the commission of the crime, that his plea of guilty was coerced and that there was collusion between his attorney and the county attorney. On August 30, 1974 the State filed. a resistance to Boge's application, and on September 5, 1974 the trial court entered an order indicating to the parties its intention to dismiss the application for postconviction relief.

About 17 months thereafter, on February 3, 1976, Boge amended his application and asserted the trial court had failed to determine that there was a factual basis for his guilty plea and that the trial court had failed to inquire into his mental state. He further alleged his confused mental state prevented him from understanding the consequences of his plea of guilty. The State moved to dismiss the amended application for the reason that the grounds raised therein had been finally adjudicated previously by a dismissal of his direct appeal by the Supreme Court. On February 25, 1976 the trial court entered its judgment and decree dismissing Boge's application for postconviction relief as amended. Boge appeals and we reverse.

Petitioner contends trial court erred in dismissing his amended petition for failing to raise any issue not previously adjudicated. We agree that grounds are now raised which were not adequately raised previously.

■ I. Petitioner asserts that no factual basis for his plea is shown as is mandated by *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969). Our review of the record substantiates this allegation. There appears no inquiry whatsoever into the factual basis for the plea, and we must therefore reverse the trial court.

Trial court found this issue was considered by the Supreme Court on direct appeal. Although the court order dismissing the direct appeal refers to trial court's compliance with *Sisco, supra,* we do not deem a Rule 16 dismissal to be an adjudication of the issue. An independent review of the record demonstrates the failure of trial court to comply with *Sisco* in ascertaining the existence of a factual basis for the plea.

This finding requires that the judgment be set aside, although it does not affect the acceptance of the guilty plea. See *Ryan v. Iowa State Penitentiary,* 218 N.W.2d 616, 619–620 (Iowa 1974) for an outline of the procedure to be followed when a factual basis for a guilty plea is not sufficiently shown. The trial court will determine if a factual basis exists for the plea and if so, enter judgment after such determination is made, pursuant to chapter 789, The Code.

■ II. Petitioner asserts his alcoholism and intoxication at the time of the commission of the offense amounts to an insanity defense. However, by entering a plea of guilty, defendant waived any defense or objection which is not intrinsic to the plea itself. The acceptance of a voluntary and intelligent plea bars any insanity defense. *State v. Findley,* 239 N.W.2d 852 (Iowa 1976).

■ III. Petitioner contends that he was induced by his attorney to plead guilty, that the plea bargain was illegal and that there was collusion between his attorney and the county attorney. The record directly contradicts these assertions. The alleged collusion is based on the proximity of the law offices of the opposing advocates to each other. This allegation of collusion must be viewed against the record which shows defendant was the beneficiary of a plea bargain arrangement in which another charge (breaking and entering) was dropped. There is no evidence in the record to show defense counsel was not acting in his client's interests at all times.

Defendant's assertions of illegal promises by the county attorney and inducement by his own counsel are best answered by reviewing a portion of the transcript:

THE COURT: Is your plea voluntary of your own free will?

THE DEFENDANT: Yes, it is.

THE COURT: Were any threats or promises made to you by anyone?

THE DEFENDANT: No.

THE COURT: Promising you something or threatening you with something if you did not plead guilty?

THE DEFENDANT: No.

After the county attorney explained the plea negotiations the court inquired as to defendant's understanding of the arrangement.

THE COURT: Do you understand, Mr. Boge, what the County Attorney has stated? Is that your understanding of the matter?

THE DEFENDANT: Yes.

We find no need for trial court to afford petitioner a hearing on allegations which directly contradict the record, unless some minimum threshold question of credibility appears. See *Hedman v. United States,* 527 F.2d 20 (10th Cir. 1975). The bare allegations that petitioner now raises do not overcome the presumption that the colloquy above set out reflects the true state of facts.

IV. Petitioner alleges that trial court should have investigated his mental capacity at the plea hearing, beyond the colloquy in the record and defense counsel's assurances that no reason existed why the plea should not be accepted. Nothing in the record indicates that trial court had any reason to doubt that defendant was mentally competent. On the contrary, defendant answered questions cooperatively and with no apparent difficulty. He admitted he understood the consequences of the plea. Neither counsel nor defendant mentioned the issue of mental competence. The petition alleges that trial judge was aware of the attempted suicide, although nothing in the record substantiates such allegation.

■ Where the record suggests a question as to the mental competence of the defendant, trial court must resolve the question before accepting a guilty plea. *State v. Walton,* 228 N.W.2d 21, 24 (Iowa 1975). We find no evidence in the record to suggest a question of defendant's mental competence to the trial judge. Petitioner admits that nothing relative to his mental condition was brought out at the plea hearing. We decline to accept petitioner's suggestion that a mental competency inquiry be added to the plea hearing procedure where no question of competency is apparent, or the question of competency is not directly raised.

■ V. Petitioner further contends that at the time of the plea hearing his confused mental state prevented him from understanding the consequences of his plea. He alleges domestic and financial problems, a gunshot wound suffered during arrest and his prescribed medication contributed to his mental incapacity to voluntarily plead guilty.

These allegations, taken in the light favorable to petitioner, raise a material issue of fact with regard to defendant's mental competence to voluntarily enter a plea of guilty. Under § 663A.6, The Code, 1975 these allegations require an evidentiary hearing on the facts alleged by petitioner. *Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) sets out the requirement for a hearing on similar allegations in a federal action for postconviction relief. *United States v. Masthers,* 539 F.2d 721 (D.C.Cir.1976).

Trial court should have allowed petitioner an opportunity to prove that he was mentally incompetent at the plea hearing in a postconviction proceeding. In the event that trial court finds on remand a factual basis does exist for the plea, a hearing on the petition alleging mental incompetence must be held.

VI. The State argues that petitioner waived his claims for relief by failing to raise them on direct appeal to this court. It argues that failure to raise the issues on appeal and failure to allege sufficient cause for such deficiency preclude postconviction relief under § 663A.8, The Code, 1975. *Rinehart v. State,* 234 N.W.2d 649, 657 (Iowa 1975) places the burden of proving sufficient cause on the petitioner. However, we decline to hold that the burden of proving sufficient cause should result in a

dismissal merely because no allegation of sufficient cause appears in the petition. To do so would be to impose a technical procedural bar to petitioner's right to postconviction relief.

Petitioner did not deliberately bypass an opportunity to press his claim for relief. Sufficient reason for his failure to assert these grounds for relief previously is apparent from the record. Where, as here, the record demonstrates in itself sufficient reason for petitioner's failure to adequately raise an issue previously, petitioner need not plead or offer further proof to insure an adjudication on the issues. We decline to construe § 663A.8, The Code, 1975 so as to place a procedural obstacle to a meaningful hearing of petitioner's claim for relief where petitioner did not deliberately bypass an opportunity to present his claim. Such a bar would close the courts of Iowa to claims for postconviction relief and shunt petitioner's claim to federal court for hearing under habeas corpus. *Rinehart v. Brewer,* 421 F.Supp. 508 (S.D. Iowa 1976).

Sufficient cause existed for petitioner's failure to urge on direct appeal those issues now stated.

We remand to the trial court for vacation of judgment entered on the guilty plea, for a determination of whether a factual basis exists for the plea, and if so, for a hearing on defendant's mental condition at the plea hearing.

REVERSED AND REMANDED.

MOORE, C. J., and REYNOLDSON and HARRIS, JJ., concur.

McCORMICK, J., concurs specially.

McCORMICK, Justice (concurring specially).

I concur in Divisions I–V and the result.

I agree with the holding in Division VI that petitioner's claim should be entertained in the postconviction court because the record does not show he deliberately failed to raise it on direct appeal. However, to the extent that *Rinehart v. State,* 234 N.W.2d 649, 657 (Iowa 1975), places the burden on a postconviction petitioner to plead and prove sufficient reason for such failure, I believe it should be overruled.

The *Rinehart* rule is inconsistent with federal waiver standards which are applicable to claims based on federal grounds. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Smith v. Wolff,* 506 F.2d 556 (8 Cir. 1974). I think our legislature intended chapter 663A proceedings to be available to state prisoners asserting federal constitutional claims on the same basis such claims can be made in federal courts. The inconsistency between the *Rinehart* rule and federal waiver standards has the inevitable effect of closing state courts to state prisoners who cannot meet their burden to prove "sufficient reason" for failure to assert their claims in earlier proceedings. However, federal court habeas corpus relief will nevertheless be available when the State cannot meet its burden to prove a deliberate bypass of state remedies.

I would hold sufficient reason exists for failure to utilize a prior procedural remedy within the meaning of Code § 663A.8 when such procedural remedy was not deliberately bypassed, and I would put the burden of pleading and proving deliberate bypass on the State.