STATE of Iowa, Appellee,

v.

**Ronald Merrill GRUBER, Appellant.**

No. 62650.

Supreme Court of Iowa.

July 25, 1979.

R. William Petersen, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK and LARSON, JJ.

McCORMICK, Justice.

The question here is whether defendant Ronald Merrill Gruber had a right to be present at the hearing upon his motion in arrest of judgment. We hold he did and therefore vacate the order overruling his motion entered after a hearing at which he was not present. We remand for a hearing in defendant's presence.

In August 1977 defendant entered a plea of guilty to a charge of rape in violation of section 698.1, The Code 1975. In October 1977 he was sentenced for the offense to a term of not to exceed thirty-five years imprisonment.

In December 1977 defendant filed a motion in arrest of judgment in which he alleged in one division that his guilty plea was not knowingly, intelligently and voluntarily entered and in another division that it was induced by false assurances from all material parties that he would receive probation. Later he filed a motion requesting that he be returned from prison to Black Hawk County to testify in support of the motion in arrest. He alleged he had a due process right under the Iowa and United States Constitutions to be present at the hearing on the motion. The court sustained the motion and ordered that defendant be returned for a February 9, 1978, hearing on the motion in arrest.

Subsequently defendant's lawyer withdrew from the case, and an order was entered on February 3, 1978, directing the court administrator to reschedule the hearing and advising the sheriff not to return defendant until told to do so by further order of the court. A separate order was entered authorizing counsel to withdraw and appointing new counsel. On February 8, 1978, an order was entered setting hearing on the motion in arrest of judgment for February 24, 1978.

The only one of these orders sent to defendant was the order of February 3 postponing the February 9 hearing and delaying defendant's return pending appointment of new counsel and fixing of a new hearing date.

Defendant was not returned for the February 24 hearing. Instead his new attorney agreed with the State to submit the motion on the transcript of the guilty plea proceeding. So submitted, the motion was overruled on its merits by order entered March 1, 1978. Later in the month, without notifying defendant, his attorney withdrew from the case and moved to California.

In August 1978 defendant wrote the court concerning the order of February 3, inquiring whether counsel had been appointed and whether a new hearing date had been set. Defendant asserted he had

not been contacted by counsel and did not know counsel's identity. On August 23, 1978, the court mailed to defendant a copy of the March 1 order overruling his motion in arrest of judgment.

New counsel was appointed for defendant and we granted permission for a delayed appeal.

The determinative issue is whether in these circumstances defendant was denied due process of law under the Fourteenth Amendment of the U.S. Constitution by the failure to accord him the right to be present at the hearing on his motion in arrest of judgment.

In *Snyder v. Massachusetts*, 291 U.S. 97, 107–08, 54 S.Ct. 330, 333, 78 L.Ed. 674, 679 (1934), the Supreme Court held that, "[s]o far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder* antedated the incorporation of the Sixth Amendment right of confrontation in the Fourteenth Amendment due process clause in *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), but the Court assumed the right was protected by the Fourteenth Amendment. The Court also assumed an accused in a felony prosecution has a right to be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." 291 U.S. at 105–06, 54 S.Ct. at 332, 78 L.Ed. at 678. We believe it is now established that these assumptions are warranted.

The *Snyder* Court held that the murder defendant in that case was not denied due process by a trial court's refusal to permit him to be present at a jury view of the scene of the homicide. At issue here is the effect of this holding on a defendant's right to be present at hearings on postconviction motions.

The majority of courts have held that a convicted defendant does not invariably have a due process right to be present at hearings on motions for new trial or in arrest of judgment. *See* Annot., 69 A.L. R.2d 835 (1960). The rationale most frequently employed is that the trial ends when a verdict has been rendered. *See Ash v. State*, 238 Md. 317, 320–21, 208 A.2d 691, 693 (1965); *In re Commitment of Wells*, 197 Neb. 584, 591–92, 249 N.W.2d 904, 908–09 (1977); *Jones v. State*, 2 Tenn.Cr.App. 152, 452 S.W.2d 361, 364 (1969). Courts also have suggested that the defendant's right to be present is confined to hearings involving issues of fact rather than only issues of law. *See Council v. Clemmer*, 85 U.S.App. D.C. 74, 76–77, 177 F.2d 22, 24–25, *cert. denied*, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540 (1949); *Reid v. State*, 119 Ga.App. 368, 368, 166 S.E.2d 900, 901 (1969); *Joseph v. State*, 236 Ind. 529, 536–41, 141 N.E.2d 109, 112–15 (1957), *cert. dismissed*, 359 U.S 117, 79 S.Ct. 720, 3 L.Ed.2d 673 (1959); *State v. Peters*, 146 Mont. 188, 195–97, 405 P.2d 642, 646–47 (1965).

Other courts have held the defendant has a right to be present at all hearings on post-verdict motions. *See Crow v. State*, 89 Tex.Cr.R. 149, 156, 230 S.W. 148, 152 (1921); *Gibson v. State*, 3 Tex.App. 437 *passim* (1878); *Staples v. Commonwealth*, 140 Va. 583, 586–87, 125 S.E. 319, 320–21 (1924); *State v. Parsons*, 39 W.Va. 464, 466–67, 19 S.E. 876, 877 (1894).

Under *State v. Reaves*, 254 N.W.2d 488, 493 (Iowa 1977), a convicted defendant in a case involving procedures applicable before the Code revision of January 1, 1978, could not challenge the adequacy of his guilty plea proceeding on appeal unless he first presented his claim to the trial court in a motion in arrest of judgment under chapter 788, The Code 1977. *Cf.* Iowa R.Crim.P. 23(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude his or her right to assert such challenge on appeal."). This case is subject to *Reaves*.

Moreover, under *State v. Hellickson*, 162 N.W.2d 390, 393 (Iowa 1968), a defendant has a right to offer extrinsic evidence in support of a motion in arrest of judgment attacking a guilty plea conviction. ("[A] defendant may, by motion in

arrest of judgment, with the aid of extrinsic evidence, establish a violation of constitutional or fundamental rights which are not apparent but inhere in the whole record, as a result of which no legal judgment could be pronounced."). *See also State v. Boge*, 252 N.W.2d 411 (Iowa 1977); *State v. Bastedo*, 253 Iowa 103, 111 N.W.2d 255 (1961). In this case, defendant filed his *Reaves* motion. The court granted his request to be returned to testify at the hearing. Nevertheless, the hearing was held without him. Even though his attorney stipulated to submission of the motion without defendant's testimony, arguably purporting to waive defendant's presence, the record affirmatively establishes defendant had not authorized his attorney to give up either his right to be present or to testify. Under this record we need not decide whether the right is one which could otherwise be waived by defendant's attorney.

Defendant sought to do what *Reaves* says he must do to preserve his right to appeal his conviction. He attempted to do it by the method approved in *Hellickson*. When a motion in arrest of judgment involves an attack upon a guilty plea conviction, it is neither fair nor just to deny the defendant the right to be present and to participate in the proceeding in an effort to meet his burden under *Reaves* by the means authorized in *Hellickson*.

The record shows that through oversight or inadvertence, as well as an indefensible wholesale lack of communication between defense counsel and defendant, the court's order that defendant be returned for the hearing was not carried out. In these circumstances his right to a fair and just hearing was thwarted, and he was denied due process.

We hold that defendant is entitled to a new hearing on his motion at which he should be permitted to be present and offer extrinsic evidence including his own testimony. For that reason we vacate the order overruling his motion in arrest of judgment and remand the case.

We do not decide in what other situations a defendant has a right to be present at a hearing on a motion in arrest of judgment. Nor do we hold that the right necessarily extends to other postconviction proceedings. Not every allegation in a collateral-attack postconviction action requires a hearing. *See State v. Boge*, 252 N.W.2d at 414. And not every hearing involves issues of fact. *See Sanders v. State*, 69 Wis.2d 242, 264–65, 230 N.W.2d 845, 857–58 (1975).

The State expresses concern about the expense and disruptive effect of returning defendants from prison for hearings on motions in arrest of judgment. While that problem exists under the procedure applicable in this case, it should not exist in cases governed by the procedure in the present Code. Motions in arrest of judgment are now required to be made not later than five days before the date set for pronouncing judgment. Iowa R.Crim.P. 23(3)(b). Sentence is not to be pronounced until after the motion is decided. Iowa R.Crim.P. 23(4)(b). Therefore the accused should still be locally available at the time the motion is heard.

Defendant separately attacks his sentence in this case. We have no occasion to reach that issue because of the pendency of the motion in arrest of judgment. If the motion is again overruled and the ruling is appealed, the parties may by appropriate motion request submission of the sentencing issue upon the present record.

ORDER VACATED; CASE REMANDED.