**IN THE COURT OF APPEALS OF IOWA**

No. 12-1898
Filed April 16, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RODNEY CHARLES OSTERKAMP,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Sioux County, Robert J. Dull,

District Associate Judge.

    Rodney Osterkamp appeals his conviction for operating while intoxicated,

third or subsequent offense as a habitual offender. **AFFIRMED.**

    James H. Pickner of Pickner Law Office, P.C., Hawarden, for appellant.

    Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, Nolan McGowan, Student Legal Intern, and Coleman McAllister, County

Attorney, for appellee.

    Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Rodney Osterkamp appeals his conviction for operating while intoxicated, third or subsequent offense as a habitual offender. Osterkamp asserts four different bases for this appeal: (1) the district court erred in not reading the verdict to Osterkamp in open court, (2) Osterkamp's due process rights were violated when the district court failed to provide a hearing on Osterkamp's motions in arrest of judgment and for a new trial, (3) the evidence was insufficient to sustain the finding of guilt, and (4) trial counsel was ineffective for failing to require the court to read the guilty verdict on the record in open court, for failing to require the district court to have a hearing on his motions in arrest of judgment and for a new trial, as well as by refusing to call defense witnesses at the time of trial. With respect to Osterkamp's assertion the district court failed to read the verdict on the record in open court, any error was cured when the court read the verdict at sentencing. We further conclude Osterkamp did not preserve error with regard to his claim his due process rights were violated due to the lack of a hearing on his motions. We also find the evidence is sufficient to sustain the guilty verdict. With regard to Osterkamp's ineffective-assistance claim concerning trial counsel's failure to call defense witnesses, we preserve that argument for possible postconviction relief proceedings. Additionally, Osterkamp failed to show counsel breached an essential duty by not requesting a hearing on Osterkamp's motions in arrest of judgment and for a new trial. Therefore, we affirm Osterkamp's conviction.

**I. Factual and Procedural Background**

On August 31, 2011, Sioux County dispatch received a call from Nancy Tsinnie alerting the police to a disturbance at Osterkamp's residence. Sherriff's Deputies Brad DeKam and Nate Kelderman went to the scene. After arriving at the residence, Deputy DeKam engaged Osterkamp in a conversation in which Osterkamp informed Deputy DeKam he had driven a small black moped to the property approximately forty-five minutes prior to Deputy DeKam's arrival. Osterkamp also told Deputy DeKam he had not had any alcohol after arriving at his home.

Deputy DeKam smelled alcohol on Osterkamp's breath and observed that his speech was slurred. Field sobriety tests were conducted, which Osterkamp failed. When asked if Osterkamp believed he was over the legal limit, Osterkamp responded "Yes, I know so." While Osterkamp initially told officers he had driven to the property on a moped, he then changed his story, stating he had ridden on the back of the moped with a friend driving. When asked where the friend was, Osterkamp claimed the friend had left with two girls who had followed them to the residence. Osterkamp could not state where the girls were from, claiming he did not know them. When the deputies questioned why his story was changing, Osterkamp became angry and raised his voice.

Upon investigation, the officers discovered the moped engine was cold, dew was on the seat, and the wheels were covered in cobwebs, indicating the moped had not been driven recently. However, Deputy DeKam, having observed another bike on the side of the house, determined this bike still had a warm exhaust system.

While the deputies were present Osterkamp made a phone call to his mother, which was recorded by Deputy DeKam's in-car recording system. During the call Osterkamp requested that the mother come to his residence and tell the officers she had seen Osterkamp arrive at the residence on the back of a moped. While his mother did arrive during the investigation, she did not tell this story to the deputies.

Osterkamp was arrested and charged with operating while intoxicated third or subsequent offense, habitual offender, in violation of Iowa Code sections 321J.2, 902.8, and 902.9(3) (2011). A bench trial was held on May 10, 2012. On May 22, the court filed a written decision finding Osterkamp guilty. Osterkamp filed a motion in arrest of judgment and motion for new trial, which were summarily denied. A sentencing hearing was held on September 20, 2012. Osterkamp appeals.

## II. Verdict

Osterkamp first claims the district court erred in not reading the verdict on the record in open court. Osterkamp is correct in his assertion that Iowa Rule of Criminal Procedure 2.17(2) requires the district court to render the verdict on the record in open court, unless the defendant waives that right. *See State v. Jones*, 817 N.W.2d 11, 19 (Iowa 2012). The rationale behind this rule is, first, to protect the defendant's right to be present for all applicable criminal proceedings, and second, to assure the trial court is "keenly alive to a sense of [its] responsibility and to the importance of [its] functions." *Id.* at 18 (quoting *United States v. Canady*, 126 F.3d 352, 361–62 (2d Cir. 1997)). This rule also serves practical purposes, such as ensuring the defendant is immediately able to challenge a

verdict if there is some sort of error, minimizing the time the defendant has to spend in county jail, and protecting the defendant's right to be the first person to hear the verdict as well as ensure the defendant knows of the verdict. *Id.* at 18–19.

However, the defendant is not entitled to relief if the court later reads the verdict at a subsequent hearing, because any error on the part of the district court is cured. *Id.* at 21. During Osterkamp's sentencing hearing, the district court stated the following: "The Court having entered judgment in this case on August 18th of this year, this is the date and time set for sentencing on a conviction of operating while intoxicated, third or subsequent offense, committed as an habitual offender." This statement constitutes the reading of the verdict at sentencing, curing any error by the district court. *See id.* ("The reading of the verdict in open court would not change the evidence produced at trial or the verdict rendered by the court. Consequently, the court remedied its failure to announce the verdict in open court."). Thus, Osterkamp's claim is without merit.

## III. Due Process

Osterkamp next claims his due process rights were violated when the district court failed to provide a hearing on Osterkamp's motions in arrest of judgment and for a new trial. The State responds Osterkamp failed to preserve error.

"The doctrine of error preservation has two components—a substantive component and a timeliness component." *State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011) (holding a one-page resistance that stated there was no legal basis for the State's actions did not properly preserve error with respect to the

defendant's constitutional claims). To preserve error on appeal, the party must first state the objection in a timely manner, that is, at a time when corrective action can be taken, in addition to the basis for the objection. *Id.* at 524. The court must then rule on the issue. *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). "If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Id.* (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002)).

Here, Osterkamp did not argue that his due process rights were violated when the district court declined to hear oral argument on his motion for new trial and motion in arrest of judgment. Osterkamp did not file either a motion to reconsider or a motion to amend or enlarge asserting this claim. Therefore, the district court did not consider this argument. Consequently, Osterkamp failed to preserve error on this claim, and we decline to address the merits of his argument.

**IV. Sufficiency of the Evidence**

Osterkamp further claims insufficient evidence exists to support his conviction. We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the record in the light most favorable to the non-moving party, here the State, and make all legitimate inferences and presumptions that may be reasonably deduced from the evidence. *Id.* If substantial evidence supports the verdict, we will affirm. *Id.* Evidence is substantial if it would convince a reasonable trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

Sufficient evidence exists to sustain Osterkamp's conviction for operating while intoxicated. Osterkamp admitted he had not consumed alcohol since his arrival at his residence. However, the deputies testified that Osterkamp appeared intoxicated due to the smell of alcohol and his slurred speech. Osterkamp also admitted he was above the legal limit and failed field sobriety tests. He initially admitted to driving to his residence, and though Osterkamp's story changed once he realized he was going to be investigated for an OWI charge, the engine on one of his motorcycles was warm, which indicates it was recently driven. Given these facts, a reasonable trier of fact could determine Osterkamp operated a vehicle while intoxicated. Therefore, sufficient evidence supports the guilty verdict, and we affirm Osterkamp's conviction.

## V. Ineffective Assistance of Counsel

Osterkamp's final arguments assert trial counsel was ineffective for (1) failing to require the district court to read the guilty verdict on the record in open court, (2) failing to call defense witnesses, and (3) failing to request a hearing on his motion in arrest of judgment and motion for new trial.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and second, that he was prejudiced by counsel's failure. *Id.*

With regard to Osterkamp's claim counsel was ineffective for failing to call defense witnesses, considering this could be a valid trial strategy, we do not have an adequate record to address this claim on direct appeal. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim."). Therefore, this claim is preserved for possible postconviction relief proceedings, where a more complete record may be established. *See* S*traw*, 709 N.W.2d at 133.

Osterkamp also claims counsel was ineffective for failing to demand a hearing on Osterkamp's motion in arrest of judgment and motion for new trial. He bases this assertion on Iowa Rule of Criminal Procedure 2.24(f), which states: "A motion in arrest of judgment *shall be heard* and determined by the court within 30 days from the date it is filed" (emphasis added), as well as Iowa Rule of Criminal Procedure 2.24(4)(b), which states: "If the defendant moves for a new trial, or in arrest of judgment, the court *shall* defer the judgment and proceed to *hear* and decide the motions" (emphasis added). However, Osterkamp cites no case law that affirmatively holds oral argument is required on either a motion in arrest of judgment or motion for new trial. *See generally State v. Myers*, 653 N.W.2d 574, 581 (Iowa 2002) (stating no hearing was held on the defendant's motion in arrest of judgment); *State v. Gruber*, 281 N.W.2d 636, 638–39 (Iowa 1979) (holding the defendant must be present if the court grants a hearing on the motion in arrest of judgment; the defendant is also permitted to introduce extrinsic evidence at the hearing); *Commonwealth v. Pimental*, 764 N.E.2d 940,

949 (Mass. App. Ct. 2002) (holding that the grant or denial of a hearing is within the discretion of the district court).  Consequently, counsel did not breach an essential duty by not ensuring that the court conducted a hearing on these motions.  Moreover, Osterkamp failed to assert any grounds on which we could find he was prejudiced by counsel's failure.  Therefore, Osterkamp's claim is without merit.

Osterkamp's final ineffective-assistance claim asserts trial counsel was ineffective for failing to require the district court to read the guilty verdict on the record in open court.  Because we previously concluded any error was cured when the district court read the verdict at sentencing, we need not address this claim.

Having considered Osterkamp's arguments properly preserved for appeal, we affirm Osterkamp's conviction.

**AFFIRMED.**