# IN THE COURT OF APPEALS OF IOWA

No. 20-0926
Filed October 6, 2021

**LAFOREST BENNETT,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.


      Applicant appeals following his postconviction-relief trial, asserting he was entitled to a competency hearing, which would have established he was incompetent to plead guilty. **AFFIRMED.**



      Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.


      Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After several steps to address his competency, Laforest Bennett argues that at the critical time, his counsel failed to challenge the district court's finding of competency and the acceptance of his guilty pleas. He raises this issue in a postconviction-relief (PCR) format. His pro se application only asserted that his trial counsel withheld a psychiatrist's report that determined he was not competent to stand trial. Based on the court file, this allegation proved to be inaccurate. But, in the PCR proceeding, Bennett also raised several other issues all based on his competency and his guilty plea. After the PCR trial, the district court denied the allegations and dismissed the PCR application. Bennett appeals from that ruling. He argues the district court failed to make findings regarding if he was restored to competency.[1] And Bennett urges that his trial counsel should have raised the issue in any event because he was not competent to plead guilty. The State asserts Bennett's claims are unsupported in the record.

## I.    Factual background and Procedural History.

In April 2016, the State charged Bennett with two counts of first-degree robbery and one count of first-degree theft, eluding, and operating while intoxicated. The charges arose from the events of one evening in February 2016. First, Bennett demanded keys to a vehicle he did not own, wielding a knife at the vehicle owner. The vehicle owner escaped and ran away without giving up the keys. Next, Bennett successfully hijacked a vehicle after again demanding the keys from another vehicle owner while displaying his knife. When officers located

---

[1] Here, the same district court judge presided over the pretrial conference, the plea proceeding, and the sentencing hearing.

the vehicle, Bennett led them on a high-speed chase that ended when he crashed the vehicle into a garage. After he was taken to the hospital, blood tests confirmed Bennett was under the influence of alcohol and controlled substances.

The case progressed toward trial. At a status conference in May 2016, the district court learned that Bennett was asking to represent himself. On the record, the court inquired why Bennett wanted to represent himself. After a short discussion with Bennett, the district court said:

> All right. Let me—let me—counsel, can I order—can we continue this and order a psychological evaluation? That's what I want to do. Before we go any farther, I want to do that. I'm not comfortable with all this. I'm especially not comfortable with fact that the defendant has admitted to the fact that he's got—been diagnosed with some sort of mental health issues and we have no idea what those are, and so I would feel more comfortable proceeding in that way. . . .
> . . . But my inclination is right now that I don't think that this defendant is competent to try his own case.

Like the district court, we have the benefit of three attempted or completed competency examinations.[2] After attempting the first competency evaluation, Dr. Michael Huston[3] wrote to the district court on June 6, 2016, alerting the court he could not complete the competency examination because Bennett refused to cooperate. Yet, Dr. Huston noted Bennett became increasingly paranoid as the

---

[2] At no time in the proceedings did Bennett's trial counsel request a competency exam. Instead, in June 2016 at a pretrial conference, Bennett's counsel noted:
> Your Honor, our office has not—well, from my interaction with Mr. Bennett, I do not believe he suffers from mental disorder that would not—that would qualify him—or classify him as being incompetent to stand trial. For that reason, our office has not requested an evaluation to determine competency.
> As the Court is aware, and the Court has made the record abundantly clear, that order was done at the—by the Court. The evaluation was ordered by the Court and not at our request.

[3] Dr. Huston is a licensed psychologist at a counseling agency in central Iowa.

interview progressed, and the psychiatrist recommended a transfer to a state facility to conduct a competency examination at that setting.

Then in September, Dr. Abraham Assad[4] completed a competency examination and concluded that Bennett was not competent to stand trial. Specifically, Dr. Assad found that Bennett met criteria for schizophrenia with current active symptoms that, along with psychotic symptoms and delusional thinking, would influence his understanding of the legal process and his ability to assist legal counsel. Dr. Assad concluded, "I believe he is a candidate for restoration." The district court ordered inpatient treatment for Bennett, finding a preponderance of the evidence showed Bennett "[wa]s suffering from a mental disorder which prevent[ed] him from appreciating the charges, understanding the proceedings or assisting effectively in his own defense." The order noted, "Proceedings tolled until defendant is competent to stand trial. Report back to court in 30 days and every sixty days thereafter re: mental disorder and whether restored to competency."

Now under a restoration order, Bennett pursued treatment at IMCC in January 2017. As a follow-up on Bennett's status for trial, a third mental-health provider weighed in on Bennett's condition. On February 10, 2017, by way of a letter, Dr. Gary Keller[5] described Bennett's condition to the judge. Dr. Keller diagnosed Bennett with schizophrenia, personality disorder, alcohol use disorder, and amphetamine use disorder. Because Bennett had previously been treated at

---

[4] Dr. Assad is a staff psychiatrist at the Iowa Medical and Classification Center (IMCC).
[5] Dr. Keller is a treating psychiatrist at the IMCC.

the hospital, the staff "was able to move rather quickly" with Bennett's treatment. Because of the previous association, Bennett "was able to assimilate the restoration material rather quickly" and his "mental health symptoms were better controlled as well." Dr. Keller noted the restoration evaluation was completed and the district court would receive the report "soon." Dr. Keller also informed the district court of Bennett's transfer back to Polk County on February 9 "to continue the next step in his court process."

Then on February 14, 2017, Dr. Arnold Andersen[6] filed a report in the district court.[7] Dr. Andersen referenced the previous diagnoses related to Bennett but found Bennett competent to stand trial using the standard of preponderance of evidence to a reasonable degree of medical certainty. During the competency evaluation in February, Dr. Andersen found Bennett able to understand the charges against him and the consequences of those charges. Dr. Andersen opined that there was no evidence Bennett could not follow the proceedings of a trial because of any interference from his psychiatric diagnoses.

On February 16, the court held an unreported pretrial conference. At that conference, the district court scheduled a plea hearing for February 22.

At the plea hearing, which took place as scheduled, Bennett pled guilty to two counts of robbery in the second-degree. As part of the plea agreement, the other charges were dismissed. In an order filed on the same date, the district court confirmed Bennett was restored to competency at a February 16 competency

---

[6] Dr. Andersen is a professor emeritus in the Department of Psychiatry at the University of Iowa College of Medicine.
[7] The report states it was based on an interview with Bennett that was conducted on February 7.

hearing and reinstated the criminal proceedings. In April, the district court sentenced Bennett under the terms agreed upon by the State and Bennett in the plea agreement—two ten-year terms of incarceration to be served consecutively.

In June 2019, Bennett applied for PCR. The PCR trial was held and later, on June 16, 2020, the district court dismissed the PCR application. Bennett filed a timely appeal.

**II.    Analysis.**

A.  Standard of Review.

PCR proceedings are normally reviewed for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). But if the underlying claim involves an alleged constitutional violation, such as ineffective assistance of counsel, we review de novo. *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014).

"Under the United States Constitution, the United States Supreme Court has declared that the conviction of an incompetent defendant violates due process." *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018). "We have emphasized that whether to hold a competency evaluation presents a legal question." *Id.* at 780. We review de novo whether the district court violated Bennett's due process right when it failed to hold a competency evaluation before he pled guilty. *See id.* at 778.

B.  Competency Determination.

Bennett asserts that on the day he returned to the district court to enter his pleas of guilty, the district court's first order of action had to be scheduling a

competency hearing.[8] Bennett highlights this failure by pointing to the State's request for a competency determination that evolved under Bennett's theory without the benefit of a hearing. At the plea hearing, the State said:

> I just remembered an issue we need to address. We actually should have addressed it last Thursday.
> Proceedings were stayed because Mr. Bennett was incompetent, and I think that just kind of slipped off all of our radar last Thursday when we entered a pretrial order without finding him competent.

To make the record "clear," the following discussion occurred:

> THE COURT: So that the record is clear, there is a written report from the Department of Corrections dated February 7, 2017. This report was authored by Arnold E. Andersen, M.D., Department of Psychiatry at the University of Iowa College of Medicine, the summary of which is that the mental health physician found that Mr. Bennett was indeed competent to stand trial. That letter is of record already. So I appreciate the reminder, but I think the record is clear for us to proceed.
> STATE: I'm just concerned that we don't actually have an order finding him competent. What I'm interpreting is that you're finding him competent to proceed.
> THE COURT: There's no question based upon that report that I find that he is competent.

The plea hearing continued with a full colloquy and Bennett's pleas of guilt to the two charges.

A challenge to a defendant's competency to enter a guilty plea is a challenge to the adequacy of the guilty plea proceeding because the defendant's competency affects the knowing, voluntary, and intelligent nature of the guilty plea. *See State v. Lucas*, 323 N.W.2d 228, 231 (Iowa 1982) (stating a claim that a

---

[8] Following receipt of the June 2016 Dr. Huston report, the district court scheduled a competency hearing and directed that Bennett to be evaluated at a state facility. Then in a pretrial conference in September 2016, after receiving Dr. Assad's report, the district court confirmed on the record that Bennett was not competent to stand trial and ordered the restoration treatment.

competency hearing was required "goes to the very heart of the court's determination that the plea was entered voluntarily, intelligently, and understandably").

An inquiry into competency involves several factors, including: "(1) the defendant's irrational behavior, (2) any demeanor at the trial [or a hearing] that suggests a competency problem, and (3) any prior medical opinion on the defendant's competency to stand trial." *State v. Edwards*, 507 N.W.2d 393, 395 (Iowa 1993) (citing *Drope v. Missouri,* 420 U.S. 162, 180 (1975)). To resolve any question of mental competency, the district court must make an inquiry before accepting a guilty plea. *See State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977). The statutory process to determine competency requires these considerations and steps:

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. The applicant has the burden of establishing probable cause. The court may on its own motion schedule a hearing to determine probable cause if the defendant or defendant's attorney has failed or refused to make an application under this section and the court finds that there are specific facts showing that a hearing should be held on that question.

Iowa Code § 812.3(1) (2019). Because an earlier competency evaluation determined Bennett not to be competent to stand trial, the State had the burden of proving by a preponderance of the evidence that Bennett's competency had been restored. *See State v. Veal*, 930 N.W.2d 319, 338 (Iowa 2019). After a finding of incompetency, the presumption of competency returns when a subsequent

evaluation results in a medical opinion that the defendant's competency is restored. *See State v. Snethen*, 245 N.W.2d 308, 310 (Iowa 1976); *State v. Chatman*, No.19-0856, 2020 WL 7021709, at *3 (Iowa Ct. App. Nov. 30, 2020).

"[O]ur task is to examine the information before the trial court to determine if at the relevant time an unresolved question of the defendant's competency reasonably appeared." *State v. Kempf*, 282 N.W.2d 704, 707 (Iowa 1979). On our de novo review, we find the district court appropriately resolved the question of competency prior to accepting Bennett's pleas of guilty. The district court had the benefit of medical evidence on February 16, as district court reviewed Dr. Andersen's recent findings. "[U]sing the standard of preponderance of evidence to a reasonable degree of medical certainty," on February 14, Dr. Andersen found Bennett's competency to stand trial had been restored. Then Bennett attended the February 16 pretrial conference. Although not reported, the order following that proceeding provided:

> On February 16, 2017 the Defendant appeared in in person and with counsel before this Court for a hearing on the issue whether the defendant is competent to stand trial pursuant to Iowa Code Sections 812.4 and 812.5. The State of Iowa appeared by counsel Tomas Rodriguez. The Court having heard the evidence and argument of counsel finds Defendant is competent to stand trial, as established by the psychiatric evaluation which is filed in this case under seal.
>     **IT IS THEREFORE ORDERED** that the stay previously imposed in this case is lifted, and this criminal proceeding is reinstated.

The same district court judge observed Bennett both at the pretrial conference and at the guilty plea proceeding. With that contact, the district court could consider if it reasonably appeared Bennett was appreciating the charges and understood the proceedings. After reviewing the guilty plea proceedings, we find nothing in the

record signaling Bennett's incompetence to stand trial. In sum, on our de novo review, we find Bennett's competency was restored and that his guilty pleas were appropriately given and accepted by the district court.

C.   Ineffective Assistance of Counsel.

Because the PCR themes centered on the issue of competency, we address those concerns. To succeed on an ineffective-assistance-of-counsel claim, an applicant must show by a preponderance of the evidence that: "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). With a plea of guilty, criminal defendants who seek PCR must establish the pleas would not have been entered but for the breach of duty by counsel. *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011). The test for prejudice is if, but for counsel's errors, Bennett would not have pleaded guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). During the PCR trial, Bennett raised several arguments related to his competency. He continues these arguments in the appeal. Drilling down to the alleged failure of trial counsel, Bennett complains his counsel should have raised the issue of his incompetence before he pled guilty and asked the district court to order a second competency opinion.

In the ruling at the PCR stage, the district court rejected Bennett's themes and found "[b]ased on Dr. Andersen's report and Bennett's demeanor, the court made the determination that Bennett was competent to enter a guilty plea." The PCR court found "[t]here is no evidence in the record to support the assertion that Bennett's competency restoration was unsuccessful and that a second opinion

was necessary."[9]  Because Bennett obtained a hearing on his competency just days before the guilty plea was accepted and we agree with the finding of competency, trial counsel had no duty to request yet another competency evaluation or hearing.  *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009) ("Only through a case-by-case analysis will a court be able to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary.").  Trial counsel will not be found to have breached a duty for failing to pursue a meritless issue.  *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013). The PCR court ruled that Bennett failed to meet his burden to show his trial counsel's representation was not within the normal range of competence.  *See State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001).  We agree and affirm the dismissal of the PCR application.

### III.    Conclusion.

Because of the competency determination made shortly before the plea proceeding, we find Bennett's trial counsel was not ineffective for failing to challenge the plea or raise issues of Bennett's competency.

**AFFIRMED.**

---

[9] The PCR court reviewed the guilty plea transcript and confirmed it showed Bennett understood the questions from the district court, answered the questions appropriately, and never indicated he did not understand.  The PCR court also noted the district court fully reviewed all details of the plea agreement and Bennett made no objection and, again, asked no questions.