STATE of Iowa, Plaintiff-Appellee,

v.

Gene Edward DRYER,
Defendant-Appellant.

No. 2–69403.

Court of Appeals of Iowa.

Oct. 25, 1983.

Verd R. Bailey of Davidson Law Office, Clarinda, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Joseph P. Weeg, Asst. Atty. Gen., and Eveadean Myers, Student Legal Intern, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

Defendant Dryer appeals the trial court's summary dismissal of his application seeking postconviction relief from his 1975 guilty-plea conviction of assault with intent to commit rape in violation of Iowa Code section 698.4 (1975). On appeal, Dryer asserts: (1) the pleadings before the postconviction court raised material issues of fact regarding a factual basis to support Dryer's guilty plea, Dryer's understanding of the nature and intent element of the charge to which he pleaded guilty, Dryer's understanding of the penal consequences of his guilty plea, and the voluntariness of the guilty plea; and (2) the postconviction court violated the summary dismissal provisions of Iowa Code section 663A.6 and Iowa Rule of Civil Procedure 237 by dismissing Dryer's application for postconviction relief without affording him a hearing. We affirm.

On June 29, 1982, trial court notified the parties that it intended to dismiss Dryer's postconviction application. The trial court granted Dryer ninety days in which to reply to the proposed dismissal. Dryer timely filed a reply, reiterating his grounds for postconviction relief and asserting that there were disputed issues and material facts regarding the guilty plea proceedings.

Without holding a hearing on the matter, the trial court, on September 20, 1982, summarily dismissed Dryer's application for postconviction relief pursuant to Iowa Code section 663A.6 for the reasons stated in the State's resistance to Dryer's application for postconviction relief.

**I. Hearing**

Initially, we must determine if Dryer should have been afforded a hearing on his application for postconviction relief under Iowa Code section 663A.6. We find he should not.

■ Section 663A.6 provides two methods for summary disposition of postconviction relief applications. The first method stated in paragraph two of section 663A.6 allows for summary disposition on the court's initiative and the applicant is foundationally entitled to notice of the court's intention to dismiss, reasons for dismissal, and opportunity to respond prior to a final disposition. *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980). The second method set forth in paragraph three of section 663A.6 allows for summary disposition on a motion from either party. It is error for a court not to set the State's motion to dismiss for a hearing because the requirements of Iowa Rule Civil Procedure 237 for a hearing on a motion for summary judgment apply to a motion for summary disposition in cases falling under paragraph three of section 663A.6. *Hines* at 346–7. Whether Dryer's application was dismissed under paragraph two or three of section 663A.6 will be dispositive of this issue.

■ We conclude that the trial court used the first method of summary disposition as evidenced in its initiative of giving notice of its intention to dismiss and allowing ninety days for Dryer to reply to the proposed dismissal. *See* Iowa Code § 663A.6. In the State's resistance to Dryer's application, it requested the following:

WHEREFORE, the State moves that the Court dismiss the Defendant's Application for Post Conviction Relief without hearing in that there are not material questions of fact presented to the Court and that the grounds stated for relief in the Applicant's Application do not justify a reversal nor a resentencing of the Defendant.

These words in the State's resistance asking for dismissal does not make it a motion for dismissal. *See Watson v. State*, 294 N.W.2d 555, 556 (Iowa 1980). We find the resistance to be a pleading, not a motion, and as such does not trigger the hearing provisions of paragraph three. *See* Iowa R.Civ.P. 68, 109.

■ "The common thread which runs through paragraphs two and three of section 663A.6 is that of protecting the applicant from having his application dismissed by the court without an opportunity to resist in some manner, either at hearing before the court or through an opportunity to reply to a court-proposed dismissal." *Hines* at 346. The latter was allowed and section 663A.6 was complied with. We find no error in the trial court's procedure.

## II. Material Issue of Fact

■ Under Iowa law, a postconviction court may dismiss an application for postconviction relief if the record indicates that the petitioner is not entitled to postconviction relief. Iowa Code section 663A.6 provides in pertinent part that:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed.... Disposition on the pleadings and record is not proper if a material issue of fact exists.

Iowa Code § 663A.6. A material issue of fact exists if reasonable minds could draw different inferences and reach different conclusions from them. *Kyle v. State*, 322 N.W.2d 299, 302 (Iowa 1982), (*quoting Boge v. State*, 309 N.W.2d 428, 430 (Iowa 1981)). Summary disposition is proper in situations where petitioner's allegations are directly contradicted by the record, unless petitioner has raised a legitimate question concerning the credibility of that record. *See State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977).

■ Dryer contends that the trial court failed to establish a factual basis to show that a crime had been committed and that he committed the crime; and as such there

was a material issue of fact and summary disposition was improper. Factual basis can be established by " '(1) inquiry of defendant; (2) inquiry of prosecutor; (3) examination of the presentence report; or (4) reference to the minutes of testimony.' " *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981), *(quoting State v. Johnson*, 234 N.W.2d 878, 879 (Iowa 1975)). The minutes of testimony in the case at bar state in part:

> that at approximately 8:00 p.m., the Defendant started scratching her back; that he reached inside her blouse and started rubbing her breasts; that he kissed her on the lips; that he asked her to pull her pants down or let him put his hand down the front of her pants; that she refused to take off her trousers or let the Defendant put his hand down them; that she then left the Defendant and went home.... Linda Breitbach was 12 years of age.

In its inquiry to establish a factual basis for the plea, the court referred to the minutes of testimony in the following colloquy:

> THE COURT: Did Mr. Conzett go over the thing here, the papers in the case, what we call the Information and the Minutes of Testimony? Did he go over those things with you?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Did you have any difficulty understanding what it was that they were saying about you there?
>
> DEFENDANT: No.
>
> THE COURT: Are the things said there substantially true and correct?
>
> DEFENDANT: Yes.

Dryer uses *Ryan v. Iowa State Penitentiary, Ft. Madison, Iowa*, 218 N.W.2d 616 (Iowa 1974) as authority for the proposition that this was insufficient factual basis to support his plea. We do not agree. In *Ryan*, no factual basis was established because defendant was read the county attorney's information a week prior to the guilty plea proceeding. The court in *Ryan* gave weight to the fact that the trial information was couched in technical language that can

confound and confuse one unaccustomed to legal practice. *Id.* at 619.

■ In the case at bar, the minutes of testimony were unquestionably clear. Allegations that the record does not support the basis that a crime was committed and that Dryer committed it directly contradicts the foregoing colloquy. Therefore, the minutes of testimony, coupled with the court's inquiry, are sufficient factual basis for the plea.

■ Dryer further contends that there was a material issue of fact as to whether his plea was knowingly and intelligently given or that he understood the charge and its specific intent element. The extent of the trial judge's explanation and inquiry into defendant's understanding varies with the circumstances of each case. *Brainard v. State*, 222 N.W.2d 711, 714 (Iowa 1974). If the whole record demonstrates the defendant understood the nature of the charge when entering the plea, the absence of such inquiry will not invalidate the conviction. *State v. Watts*, 225 N.W.2d 143, 145 (Iowa 1975). Even though the trial court did not personally advise Dryer on the elements of the crime, the minutes of testimony explicitly described in simple and easy-to-understand terms how the crime was committed. *See State v. Oberbreckling*, 235 N.W.2d 121, 122 (Iowa 1975). Notwithstanding the fact that Dryer had limited educational skills, we find that the record supports the conclusion that Dryer understood the charge and its elements and that his plea was knowingly and intelligently given.

Furthermore, we find that there is no material issue of fact concerning Dryer's contention that the plea was not voluntary, nor that he was unaware of the consequences of that plea. The trial court's inquiry was as follows:

> THE COURT: Has anyone made any threats, promises or negotiations to obtain your guilty plea other statements made by Mr. Conzett here in Court this morning?
>
> DEFENDANT: No, sir.

THE COURT: Did Mr. Conzett tell you what the maximum penalty attached to this crime is?

DEFENDANT: Yes, sir.

THE COURT: What did he say it was?

DEFENDANT: Twenty years.

THE COURT: Twenty years; is that correct, Mr. Conzett?

MR. CONZETT: That's correct, Your Honor.

Dryer's allegations are directly contradicted by the record. Furthermore, he has raised no legitimate question concerning that record. *See Boge* at 414. We find that the trial judge properly determined that Dryer understood the charge, was aware of the penal consequences of the plea, that the plea was entered voluntarily, and that there was satisfactory factual basis for the plea. *See Brainard* at 713. We agree that no purpose would be served by any further proceeding and accordingly affirm the trial court's summary disposition of Dryer's application.

AFFIRMED.