# IN THE COURT OF APPEALS OF IOWA

No. 14-1915
Filed November 12, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KANIE KANI BRAGG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark J. Smith,

Judge.


        A defendant challenges the adequacy of a guilty plea proceeding.

**AFFIRMED.**


        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Martha E.

Trout, Assistant Attorneys General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Kanie Kani Bragg was charged in six separate criminal cases stemming from incidents that occurred in 2014. After reaching an agreement with the State, Bragg entered a written guilty plea to two charges and pled guilty during an in-court colloquy to four additional charges.[1] On appeal, Bragg challenges the adequacy of the plea proceeding.

A defendant challenging the adequacy of a guilty plea proceeding on appeal must first raise the issue with the trial court in a motion in arrest of judgment. Iowa R. Crim. P. 2.24(3). Bragg's failure to file a motion in arrest of judgment bars a direct appeal of his convictions unless his failure to file the motion in arrest of judgment was the result of ineffective assistance of counsel. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006). Bragg claims his trial counsel was ineffective in failing to file a motion in arrest of judgment because the trial court did not ensure his plea was knowing and voluntary.

To succeed on a claim of ineffective assistance of counsel, a defendant must show counsel failed to perform an essential duty and prejudice resulted. *State v. Bearse*, 748 N.W.2d 211, 214-15 (Iowa 2008). In determining whether counsel failed to perform an essential duty, we presume counsel acted competently. *Id.* at 215. To demonstrate prejudice, a defendant must show that but for counsel's failure, the outcome of the proceeding would have been different. *Id.* at 217. Although ineffective-assistance-of-counsel claims are

---

[1] Bragg pled guilty to assault resulting in bodily injury, intimidation with a dangerous weapon without intent, interference with official acts, carrying weapons, possession of a controlled substance, and two counts of assault with a weapon. In exchange, the State dismissed some pending charges and reduced others.

typically preserved for postconviction-relief proceedings, we will consider such claims on direct appeal when the record is adequate. *Id.* at 214.

Allowing a defendant to waive a constitutional right without ensuring the waiver is knowing and voluntary violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. *Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). If a plea is not knowingly and voluntarily made, counsel's failure to file a motion in arrest of judgment to challenge the plea constitutes breach of an essential duty. *Straw*, 709 N.W.2d at 133. Iowa Rule of Criminal Procedure 2.8(2)(b) sets forth what a court must do to ensure a plea is knowing and voluntary. *State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985).

Bragg first argues his plea was not knowingly and voluntarily made because the court failed to inquire into his ability to read and write, his education, or whether he was under the influence of alcohol or medications that would affect his ability to understand the proceedings. Although rule 2.8(2)(b) does not require an examination into these matters, we recognize they may bear on the voluntary nature of a defendant's waiver. *See State v. Dryer*, 342 N.W.2d 881 (Iowa 1983) (noting the extent of a trial court's inquiry into a defendant's understanding varies under the circumstances of each case). However, the court is not required to inquire into these matters unless there is evidence in the record to suggest the defendant's competence is at issue. *See State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977) ("We decline to accept petitioner's suggestion that a mental competency inquiry be added to the plea hearing procedure where no question of competency is apparent, or the question of competency is not directly

raised."). Although Bragg argues the minutes of evidence "show a set of impulsive and erratic behaviors that, in and of themselves, should have raised a questions as to the defendant's mental state," there is nothing in the record showing Bragg's ability to read and write, his education, or his use of alcohol or medications impeded his ability to understand the rights he was waiving. Nor does Bragg make any claim regarding these factors or suggest they influenced his ability to enter a knowing and voluntary plea. *See State v. Myers*, 653 N.W.2d 574, 578-79 (Iowa 2002) (holding ineffective-assistance claim failed on the prejudice prong because defendant failed to prove, or even assert, that but for counsel's error, she would not have pled guilty and would have insisted on going to trial). Accordingly, Bragg has failed to show his counsel was ineffective on this ground.

Bragg also complains the court failed to inform him during the in-court colloquy that pleading guilty could affect his immigration status as required under rule 2.8(2)(b)(3). Although the written guilty plea Bragg entered on two misdemeanor charges contains language that complies with rule 2.8(2)(b), "in a felony case, the court may not rely, to any extent, on a written plea of guilty to satisfy the requirements of rule 2.8(2)(b)." *State v. Moore*, 638 N.W.2d 735, 738 (Iowa 2002). Because Bragg pled guilty to felony charges, counsel breached a duty by failing to file a motion in arrest of judgment based on the trial court's failure to personally inform him of the immigration consequences of his plea. *See id.* at 738-39 ("[A] court in a felony case must literally, not just substantially, comply with rule 2.8(2)(b). Literal compliance, by personally addressing the

defendant on the record, establishing a factual basis for the plea, its voluntariness, and the defendant's understanding of the required matters, is well scripted in rule 2.8(2)(b)."). Bragg's ineffective-assistance claim fails, however, because he has not demonstrated he was prejudiced by this failure. *See Myers*, 653 N.W.2d at 578-79 (stating a conclusory claim of prejudice is insufficient). Nothing in the record indicates Bragg would not have pled guilty had he been so informed. The record does not disclose that Bragg is an immigrant, and Bragg has made no such claim on appeal.

Bragg has failed to prove his trial counsel was ineffective in failing to file a motion in arrest of judgment challenging the knowing and voluntary nature of his plea. Therefore, we affirm.

**AFFIRMED.**