# IN THE COURT OF APPEALS OF IOWA

No. 17-1783
Filed June 19, 2019

**WILLIAM EARL ROBY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly,

Judge.


        William Roby appeals the denial of his application for postconviction relief.

**AFFIRMED.**



        Mark C. Smith, State Appellate Defender (until withdrawal), and Bradley M.

Bender, Assistant Appellate Defender, for appellant.

        William Earl Roby, Newton, pro se appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.



        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

William Roby appeals the denial of his application for postconviction relief (PCR). On appeal, Roby claims his trial counsel provided ineffective assistance in allowing him to plead guilty to kidnapping in the third degree when there was an insufficient factual basis to support the plea. Roby also claims his counsel provided ineffective assistance by failing to file a motion in arrest of judgment to challenge his guilty plea to the kidnapping charge. He contends his guilty plea was not voluntarily and intelligently given due to counsel's ineffective assistance during plea negotiations and during the guilty-plea proceedings.

**I.     Background Facts and Proceedings**

In June 2011, the State filed a trial information charging Roby with first-degree kidnapping, following the reported sexual assault of J.M. According to the minutes of evidence, Roby and J.M. were in a relationship that ended in approximately December 2010. In May 2011, they were living in the same apartment building, with Roby's apartment located on the floor below J.M.'s apartment. On the evening of May 15, at approximately 8:00 p.m., J.M. returned to the apartment building. As she walked to her door, she looked down the stairwell to the first-floor apartments and noticed Roby's apartment door ajar. Roby exited his apartment and made eye contact with her. J.M. continued to her apartment door, at which point Roby ran up the stairs, grabbed J.M. from behind, and placed his hand over her face. Roby then dragged J.M. down the stairs and forced J.M. into his apartment while she cried for help. Other residents in the apartment building heard the commotion but did not take any steps to intervene. Roby threw J.M. onto his couch. After entering his apartment, Roby turned on very loud music.

Roby then picked up J.M. again, dragged her into a bedroom, and threw her onto the bed. The act of throwing her onto the bed caused the bed frame to break, so Roby moved her to another bedroom. Roby forcefully pulled down J.M.'s pants while she resisted, and Roby pulled down his own pants. He then ordered J.M. to perform oral sex. J.M. refused. Roby threatened to kill J.M.'s pet. On the bedside table, a knife was clearly visible. When J.M. continued to struggle, Roby threatened that "if the police come here, I'm going to kill you and myself before they even get in." Roby forced J.M. to have sex with him three times over the course of the next nine to ten hours. In the morning, Roby refused to let J.M. leave for work and ordered her to call in sick. After she explained that she could not, he allowed her to return to her apartment but only in his presence. At some subsequent point, Roby left J.M.'s apartment. J.M. then called the police and went to the hospital.

Trial was scheduled for January 2013. On the second day of trial, after jury selection had concluded, Roby pled guilty pursuant to a plea agreement to third-degree kidnapping and third-degree sexual abuse, both class "C" felonies. During the plea proceeding, the court had the following exchange with Roby:

> THE COURT: Next we'll take up the factual basis for the charges.
> . . . .
> THE COURT: Now let me ask you some specific questions. Is it true that on or about May 15th, 2011, in Linn County, Iowa, you confined or removed from one place to another a female identified as [J.M.]?
> [ROBY]: Yes.
> THE COURT: And did you do so with the specific intent to subject [J.M.] to sexual abuse?
> [ROBY]: Yes.
> THE COURT: And did you know at that time that you did not have the authority or the consent of [J.M.] to do so?

[ROBY]: Yes.

Roby did not file any post-plea motions and did not directly appeal his conviction following the imposition of sentence.

In February 2016, Roby filed a pro se application for PCR, asserting numerous claims, including ineffective assistance of counsel, coercion, prosecutorial misconduct, and the denial of constitutional rights. In February 2017, the court granted Roby's request to amend his application which clarified his ineffective-assistance-of-counsel claims. When the matter proceeded to trial in September 2017, Roby's claims were concentrated on the ineffective assistance of his trial counsel for failing to explain and define the charge of kidnapping, advising him to plead guilty, allowing him to plead guilty when a factual basis for the plea could not be established, and failing to object or move in arrest of judgment to challenge the plea. The court denied his application.

After Roby appealed the denial of his application, he filed a pro se motion under Iowa Rule of Civil Procedure 1.904(2) requesting the court to enlarge its findings. The district court filed a memorandum opinion stating it had no jurisdiction to consider and rule on his motion since the case was already on appeal. Roby subsequently filed a pro se motion seeking a stay of the pending appeal and request for a limited remand. The supreme court denied Roby's motion and request. Roby, pro se, and his appellate counsel both filed appellate briefs.

## II. Standard of Review

Generally, we review PCR proceedings for corrections of error at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). However, when a PCR applicant alleges ineffective assistance of counsel, our review is de novo. *Allison*

*v. State*, 914 N.W.2d 866, 870 (Iowa 2018). "[W]e give weight to the lower court's findings concerning witness credibility*." Ledezma*, 626 N.W.2d at 141.

### III. Analysis

#### A. Factual Basis

On appeal, Roby claims his trial counsel provided ineffective assistance by allowing him to plead guilty to the third-degree kidnapping offense when there was not a sufficient factual basis for that charge. Roby argues the record does not establish that he confined J.M. as defined in *State v. Rich*, 305 N.W.2d 739 (Iowa 1981).

Roby must show "by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) (quoting *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016)). "[C]ounsel fails his or her essential duty by 'perform[ing] below the standard demanded of a reasonably competent attorney.'" *Id.* (quoting *Ledezma*, 626 N.W.2d at 142). "[W]e begin with the presumption that the attorney performed competently" and "avoid second-guessing and hindsight." *Ledezma*, 626 N.W.2d at 142. Roby "must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 964 (1984)).

The court "shall not accept a plea of guilty without first determining that the plea . . . has a factual basis." Iowa R. Crim. P. 2.8(2)(b). "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty." *Rhoades v. State*, 848 N.W.2d 22,

29 (Iowa 2014).  In such a case, prejudice is presumed.  *Id.*  "At the time of the guilty plea, the record must disclose facts to satisfy all elements of the offense."  *Id.*  "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presence report, and (4) minutes of evidence."  *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).  The record must demonstrate facts to support the offense, but it does not "need to show the totality of evidence necessary to support a guilty conviction."  *Id.*

Roby pled guilty to kidnapping in the third degree, a lesser-included offense.  Kidnapping requires (1) the confinement or removal of a person from one place to another, (2) without the authority or consent to do so, with (3) the intent to subject the person to sexual abuse.  Iowa Code § 710.1(3) (2011).  Roby challenges the establishment of the first element, contending the record did not establish that he confined J.M. beyond the duration of the underlying crime.

In *Rich*, the supreme court determined:

> that our legislature, in enacting section 710.1, intended the terms "confines" and "removes" to require more than the confinement or removal that is an inherent incident of commission of the crime of sexual abuse.  Although no minimum period of confinement or distance of removal is required for conviction of kidnapping, the confinement or removal must definitely exceed that normally incidental to the commission of sexual abuse.  Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse.  Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

305 N.W.2d at 745.  "[T]he kidnapping statute [is] applicable only to those situations in which confinement or removal definitely exceeds that which is merely incidental to the commission of sexual abuse."  *Id.*

During the plea proceedings, the court reviewed the consequences of pleading guilty with Roby, including the rights he would be giving up by pleading guilty. Roby confirmed he understood and wished to plead guilty. The court then reviewed the factual basis for each essential element of the kidnapping charge. Roby acknowledged and agreed the minutes of evidence would be considered to form the factual basis for the plea. Roby confirmed he understood and admitted to each of the essential elements of the kidnapping charge.

A review of the minutes of evidence discloses that Roby grabbed J.M. when she was at the door of her apartment, placed his hand over her mouth and then dragged her down the stairs to his apartment, thus removing her from the entrance to her apartment. While doing so, J.M. attempted to scream and holler in order to attract aid. Roby's actions suggest he chose to return to his apartment as a means to significantly lessen the risk of detection, as once he was in his apartment, he turned up music to a loud volume. Further, Roby placed a knife on a nightstand, visible to J.M., and when she continued to struggle and be loud, he threatened that "if the police come here, I'm going to kill you and myself before they even get in," both significantly increasing the risk of harm to J.M and lessening his risk of detection. Roby continued to confine J.M. in his apartment for the rest of the evening and into the next morning, forcing J.M. to have sexual intercourse multiple times. After the sexual assaults stopped, Roby continued to confine J.M. in his apartment and refused to allow her to leave to go to work, ordering her to call in sick. These actions lessened his risk of detection.

Roby's arguments about confinement or removal are similar to arguments we have rejected on several occasions.[1] Based upon these facts, we are persuaded a factual basis supporting the element of confinement or removal was established. Accordingly, counsel was not ineffective for failing to challenge the properly entered guilty plea.

B.    Guilty Plea

Roby also claims his guilty plea to kidnapping in the third degree was not voluntarily, knowingly, or intelligently given. He specifically contends the district court failed to adequately inform him of the nature of the kidnapping charge and his trial counsel was ineffective in permitting him to plead guilty and not challenging the plea through the filing of a motion in arrest of judgment.

"Due process requires the defendant enter his guilty plea voluntarily and intelligently." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "If a plea is not

---

[1] In *Thompson v. State*, No. 16-1348, 2017 WL 3283291, at *3 (Iowa Ct. App. Aug. 2, 2017), we cited a number of other cases in which we found a factual basis for confinement was established. *See also State v. Roche*, No. 14-2052, 2016 WL 1130291, at *2 (Iowa Ct. App. Mar. 23, 2016) (stating a reasonable juror could have found confinement was more than incidental to sexual abuse where defendant used a knife, taped the victim's mouth, threatened to harm her child when she screamed, transferred her to the bedroom, and removed her cell phone); *State v. Ronnau*, No. 14-0787, 2016 WL 351314, at *5 (Iowa Ct. App. Jan. 27, 2016) (affirming conviction where defendant strangled woman until she passed out, transported her to the other side of the street near a bush, attempted to rip out her tongue when she tried screaming, and threatened to kill her); *State v. Norem*, No. 14-1524, 2016 WL 146237, at *5–6 (Iowa Ct. App. Jan. 13, 2016) (affirming conviction where defendant beat his wife, forced her into a car, drove her home, beat her again, and forced her to perform multiple sex acts); *State v. Mesenbrink*, No. 15-0054, 2015 WL 7075826, at *4 (Iowa Ct. App. Nov. 12, 2015) (affirming conviction where defendant grabbed woman, held her at knifepoint, repeatedly told her he had to kill her, demanded she shut-up, and pushed her between the bed and the wall); *State v. Schildberg*, No. 14-1581, 2015 WL 4642503, at *1–2 (Iowa Ct. App. Aug. 5, 2015) (affirming conviction where defendant pulled his girlfriend out of bed by her hair, broke one of her ribs, choked her with his legs around her neck, forced her to have sex, made her go with him to a gas station so she would not escape, kept her phone and purse away from her, and did not allow her to leave the residence when they returned).

intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty." *State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). "Generally, a criminal defendant waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "One exception to this rule involves irregularities intrinsic to the plea—irregularities that bear on the knowing and voluntary nature of the plea."[2] *Id.*

Iowa Rule of Criminal Procedure 2.8(2)(b) provides that a court "may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently." Before accepting a defendant's guilty plea, the court "must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(1). "In determining whether a plea meets the requirements of rule 2.8(2)(b)([1]), we apply the substantial compliance standard." *State v. Weitzel*, 905 N.W.2d 397, 406 (Iowa 2017). "'Substantial compliance' requires at a minimum that the defendant be informed of these matters and understand them." *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003) (quoting *State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001)). "[T]he court need not review and explain each element of the crime *if* it is 'apparent in the circumstances the defendant understood the nature

---

[2] Justice Waterman's dissent in *Schmidt v. State,* 909 N.W.2d 778, 803 (Iowa 2018) suggests the majority opinion's recognition of freestanding claims of actual innocence has the effect of expanding the limits of *Castro*.

of the charge.'" *Id.* (quoting *State v. Smith*, 300 N.W.2d 90, 92 (Iowa 1981)). "The extent of the trial judge's explanation and inquiry into defendant's understanding varies with the circumstances of each case." *State v. Dryer*, 342 N.W.2d 881, 884 (Iowa Ct. App. 1983). "If the whole record demonstrates the defendant understood the nature of the charge when entering the plea, the absence of such inquiry will not invalidate the conviction." *Id.* "[I]f 'the record shows the court gave misleading or inaccurate advice concerning the nature of the offense, the requisite understanding cannot be found.'" *Loye*, 670 N.W.2d at 151 (quoting *Smith*, 300 N.W.2d at 92). If the court fails to substantially comply with rule 2.8(2)(b) and trial counsel does not bring that failure to the court's attention or file a motion in arrest of judgment, counsel fails to perform an essential duty. *Straw*, 709 N.W.2d at 134.

During Roby's plea colloquy, the court did not give misleading or inaccurate information regarding the nature of the kidnapping offense or its elements. *See Loye*, 670 N.W.2d at 151. The court provided the essential elements of kidnapping, as enumerated in Iowa Code section 710.1. The court then asked Roby about each specific essential element. Roby answered in the affirmative to each element. Further, the court asked Roby if he was familiar with the trial information and minutes of evidence. Roby again answered affirmatively. In this case, the minutes of evidence "explicitly described in simple and easy-to-understand terms how the crime was committed." *Dryer*, 342 N.W.2d at 884. Based upon our review, we find the record supports the trial court's conclusion that Roby understood the kidnapping charge and its elements and find the court substantially complied with rule 2.8(2)(b)(1).

Roby further contends his guilty plea was involuntary or unintelligent because of his trial counsel's ineffective assistance during plea negotiation. He claims counsel failed to explain and define the elements of the kidnapping charge the State was required to prove. Further, he claims his trial counsel failed to properly assess his chances at trial which led to their faulty advisement about a guilty plea.

"[I]neffective-assistance-of-counsel claims survive [a] guilty plea when a postconviction relief applicant can show trial counsel breached a duty in advance of the guilty plea that rendered the plea involuntary or unintelligent." *Castro*, 795 N.W.2d at 793. An accused has the right to effective assistance of counsel at all critical stages of a criminal proceeding. *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007). This includes the plea-bargaining process. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). A defendant may "challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009). "[T]o demonstrate prejudice in the plea-bargaining process [Roby] must show the outcome of the plea process would have been different with competent advice.'" *Dempsey*, 860 N.W.2d at 869 (quoting *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)). "[Roby] must proffer more than his . . . own subjective, self-serving testimony." *Id.*; *see also State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) ("'[C]onclusory claims of prejudice' are not sufficient to satisfy the prejudice element.").

Roby claims his plea was not knowingly, intelligently, or voluntarily made because counsel failed to inform him of the *Rich* tripartite elements test. *See Rich*,

305 N.W.2d at 745. We have determined above there was clearly a factual basis for the plea. Under the facts of this case there is no question Roby's conduct satisfied the elements of the offense. Thus, counsel was not required to explain to Roby the analysis of the *Rich* test concerning the element of confinement or removal.[3] We find no deficiency in the competency of counsel's representation. Further, while Roby claims that he was pressured into pleading guilty, the PCR court found "Roby's statements that he would not have entered his guilty pleas had the elements of kidnapping been better explained to him are unsupported by anything else in the record, and are self-serving at best." We defer to the district court's findings and on our de novo review, we determine Roby failed to prove the necessary prejudice to establish this claim of ineffective assistance of counsel. We find Roby's guilty plea to the kidnapping charge was voluntarily, knowingly, and intelligently given. Accordingly, Roby's trial counsel was not ineffective for failing to file a motion in arrest of judgment to challenge his guilty plea.

### C.     Pro Se Claims

Roby raises two claims, pro se. His claims based on right of confrontation were waived by his guilty plea. His claims that the PCR court failed to rule on his rule 1.904 motion after the appeal was filed are without merit. He filed a motion for stay and for limited remand in his effort to obtain rulings on those motions. The motion was denied by the supreme court. Without a stay, the district court had no jurisdiction once the case was appealed, *see State v. Grant*, 614 N.W.2d 848, 852 (Iowa Ct. App. 2000), so it committed no error by failing to rule.

---

[3] Our determination is limited to this case. We offer no opinion as to the depths counsel must go in explaining case law interpretations of elements of offenses in a guilty plea.

We affirm the denial of Roby's PCR application.

**AFFIRMED.**