# IN THE COURT OF APPEALS OF IOWA

No. 19-1098
Filed August 5, 2020

**MALEEK PRINCE JOHNSON,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

　　　Maleek Johnson appeals the summary disposition of his application for

postconviction relief.　**AFFIRMED.**

　　　Blake D. Lubinus of Lubinus & Merrill, P.L.C., Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.

　　　Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Maleek Johnson pled guilty to second-degree robbery, a lesser-included offense of the originally charged crime of first-degree robbery, in relation to conduct that occurred in January 2016. *State v. Johnson*, No. 17-0735, 2018 WL 540661, at *1 (Iowa Ct. App. Jan. 24, 2018). The plea agreement called for a term of imprisonment not to exceed ten years with a mandatory minimum of seventy percent before parole eligibility, and the court sentenced Johnson in accordance with those terms.[1] *Id.* Johnson appealed the sentence imposed, arguing the court abused its discretion by failing to consider the option of imposing only a fifty-percent mandatory minimum term of imprisonment. *Id.*; *see* Iowa Code § 902.12(3) (2017).[2] We affirmed. *Johnson*, 2018 WL 540661, at *1.

In September 2018, Johnson filed an application for postconviction relief. His sole argument was that which had been raised and rejected on direct appeal. The State moved for summary disposition, arguing the issue may not be relitigated. *See* Iowa Code § 822.8 (2018). In his resistance, Johnson asserted his plea counsel advised him off the record that he would argue for the imposition of a fifty-

---

[1] The agreement also provided for a number of other sentencing concessions by the State as to other charges as well as the State securing the dismissal of a federal firearms charge.

[2] The sentencing statute in effect at the time of the criminal act mandated the imposition of a seventy-percent mandatory minimum before parole eligibility. *See* Iowa Code § 902.12(5) (2016). In 2016, the statute was amended to allow the court discretion to impose a mandatory minimum of between fifty and seventy percent for convictions occurring on or after July 1, 2016. *See* 2016 Iowa Acts ch. 1104, § 8(3) (codified at Iowa Code § 902.12(3)). While Johnson engaged in the criminal acts underlying his conviction prior to the effective date of the new statute, his plea and judgment were entered after July 1, 2016. Thus, the new statute applied to him for purposes of sentencing.

percent mandatory minimum term of imprisonment at the time of sentencing and counsel was ineffective in ultimately failing to do so.

The matter proceeded to a hearing. At the hearing, Johnson testified his counsel advised him prior to pleading guilty and again prior to sentencing that, despite the terms of the plea agreement, he would argue for the imposition of a fifty-percent mandatory minimum term of imprisonment. Following the hearing, the court entered an order directing Johnson to file an amended application for postconviction relief raising the ineffective-assistance claim. Johnson did so, and the State filed a supplemental motion for summary disposition. In its ensuing ruling, the district court concluded Johnson could not establish the prejudice prong of his ineffective-assistance claim because the record made before the district court unequivocally showed Johnson was well aware of the terms of the plea agreement and what he could be sentenced to.

Johnson appeals. He generally argues summary disposition was inappropriate because genuine issues of material fact exist as to his ineffective-assistance claim. Appellate review of summary disposition rulings is ordinarily for legal error, but when the basis of the claim for relief implicates the constitutional right to effective assistance of counsel, our review is de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). Under a de novo standard of review, "[w]e examine the entire record and adjudicate rights anew on the issues properly presented." *Alcor Life Extention Found. v. Richardson*, 785 N.W.2d 717, 722 (Iowa Ct. App. 2010).

The district court need not afford an applicant further proceedings "on allegations which directly contradict the record, unless some minimum threshold question of credibility appears." *State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977). "Bare allegations do not overcome the presumption that the record truly reflects the facts." *Foster v. State*, 395 N.W.2d 637, 638 (Iowa 1986). "Summary disposition is proper in situations where petitioner's allegations are directly contradicted by the record . . . ." *State v. Dryer*, 342 N.W.2d 881, 883 (Iowa Ct. App. 1983). Summary disposition is appropriate if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (ellipsis in original) (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)); *see also* Iowa R. Civ. P. 1.981(3). The record is viewed "in the light most favorable to the nonmoving party" and we "draw all legitimate inferences from the evidence in favor of the nonmoving party." *Schmidt*, 909 N.W.2d at 784. "[W]hether a genuine issue of material fact exists so as to preclude summary disposition turns on whether reasonable minds could draw different inferences and reach different conclusions from them." *Munz v. State*, 382 N.W.2d 693, 695 (Iowa Ct. App. 1985) (citation omitted).

We turn to the record to determine whether Johnson's allegations are contradictory thereto and summary disposition was therefore appropriate or not. When asked at the plea hearing to state the terms of the plea agreement, the prosecutor stated, "The plea agreement encompasses the mandatory ten-year prison sentence . . . with a mandatory minimum 70 percent being imposed, as

agreed to between the parties." Defense counsel and Johnson separately stated their agreement to the terms of the plea agreement. Johnson additionally acknowledged the sufficiency of his ability to discuss the matter with counsel and his satisfaction with the representation he was provided. The court's ensuing order formalizing its acceptance of the plea noted the parties' sentencing recommendation would be: "Mandatory ten year prison sentence and defendant shall serve 70% before being eligible for parole." The matter proceeded to sentencing roughly two months later. At the time of sentencing, the prosecutor stated the parties' joint recommendation to include a ten-year indeterminate term of imprisonment with a mandatory minimum of seventy percent. Defense counsel requested the court to "impose the agreed-upon sanction." Johnson answered in the negative when questioned whether he had anything to say. The court sentenced Johnson in accordance with the parties' joint recommendation.

As we noted in our ruling on Johnson's direct appeal, he "unequivocally agreed to" the plea agreement and the sentence imposed. *Johnson*, 2018 WL 540661, at *1. There is nothing in the record to indicate counsel intended to argue for a lesser mandatory minimum or that Johnson expected him to do so. As such, we find Johnson's claims in the postconviction-relief proceedings that counsel advised him he would argue for a lesser mandatory minimum to be bare allegations, contradictory to the record, and insufficient to meet the minimum threshold of credibility, and we conclude summary disposition was appropriate and

affirm.[3]  *See Foster*, 395 N.W.2d at 638; *Boge*, 252 N.W.2d at 414; *Dryer*, 342 N.W.2d at 883.

**AFFIRMED.**

---

[3] We acknowledge the district court granted summary disposition for different reasons.  While our analysis differs from the district court, the basis for our decision was argued by the State below.  *See, e.g.*, *DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002).

We also note our receipt of Johnson's pro se brief.  Recently enacted legislation forecloses our ability to consider pro se documents.  *See* 2019 Iowa Acts ch. 140, §§ 30, 35(1) (codified at Iowa Code §§ 814.6A, 822.3A(1) (2019)).  Those statutes became effective July 1, 2019.  *See* Iowa Const. art. 3, § 26.  Summary disposition was entered and Johnson filed his notice of appeal in June 2019.  We assume we may consider Johnson's pro se brief.  *Cf. State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (concluding other statutory amendments did "not apply to a direct appeal from a judgment . . . entered before July 1, 2019"); *Campbell v. State*, No. 18-1052, 2020 WL105086, at *1 n.1 (Iowa Ct. App. Jan. 9, 2020).  However, the claims he raises in his pro se brief were neither raised in nor decided by the district court and are therefore not preserved for our review.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).